In re Grand Jury Witness, Joseph Bernard DROBACK, Appellant,

v.

**UNITED STATES of America, Appellee.**

**No. 74–3096.**

United States Court of Appeals, Ninth Circuit.

Dec. 26, 1974.

Rehearing Denied Feb. 24, 1975.

Application for Bail Denied March 17, 1975.

Certiorari Denied May 12, 1975.

See 95 S.Ct. 1952.

John W. Keker of Kipperman, Shawn & Keker, San Francisco, Cal., for appellant.

Charles Fanning, Asst. U. S. Atty., San Diego, Cal., for appellee.

Before KOELSCH, CHOY, and GOODWIN, Circuit Judges.

OPINION

PER CURIAM:

Joseph Bernard Droback appeals an order adjudging him in contempt of court for refusing to testify before a federal grand jury after the court granted him immunity under 18 U.S.C. §§ 6002–6003, and ordered him to testify. We affirm.

The only issue is whether a grand-jury witness whose identity and possible knowledge of crime have been discovered through a court-ordered wiretap may, by refusing to testify, delay the proceedings while he conducts a plenary challenge of the electronic surveillance. He may not. In re Persico, 491 F.2d 1156 (2d Cir.), cert. denied, 419 U.S. 924, 95 S.Ct. 199, 42 L.Ed.2d 158 (1974).

Droback contends that In re Lochiatto, 497 F.2d 803 (1st Cir. 1974), compels a contrary result. We disagree. But even if *Lochiatto* conflicts in part with *Persico,* we believe that *Persico* more accurately reflects congressional policy authorizing a narrow range of court-ordered wiretaps than does *Lochiatto.*

Droback's interpretation of the cases would require the grand-jury investigation of any witness to come to a halt any time the witness chooses to assert some latent defect in the court order or its

626

underlying papers, or some defect in the conduct of the surveillance.

We decline to hold that an immunized witness can stop the investigation, assert his list of objections, proceed with comprehensive discovery, and ultimately have a full-fledged suppression hearing to determine whether or not the court order allowing the surveillance or the manner of its execution is vulnerable to some attack.

The immune witness is, in effect, seeking to convert his contempt proceeding into a bystander's action to test the legality of a surveillance program which is likely to produce evidence against one or more of his associates. We doubt that Congress intended to permit such delays, and, in the absence of Supreme Court direction to do so, we will not reach that result.

Affirmed.