# In re GRAND JURY PROCEEDINGS.

## UNITED STATES of America,
### Appellee,

v.

### Theodore WOROBYZT, Appellant.

#### No. 75–3413
#### Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 20, 1975.
Rehearing and Rehearing En Banc
Denied Dec. 17. 1975.

* Rule 18, 5th Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5th Cir., 1970, 431 F.2d 409, Part I.

GEE, Circuit Judge:

This is an appeal from a civil contempt order entered pursuant to 28 U.S.C. § 1826(a), which allows the court to confine a recalcitrant witness as a means of compelling him to testify. Appellant was subpoenaed to testify before the grand jury concerning a gambling violation. He there refused to answer certain questions, asserting that they were founded upon information derived from an illegal wiretap. The district court reviewed the wiretap court orders, affidavits, and applications in camera and found them facially valid; ordered and received an 18 U.S.C. § 3504 (unsworn) denial of unlawful activity by the government; ordered defendant to testify to specific questions; and held defendant in contempt for his refusal to do so. Defendant had demanded a form of adversary evidentiary hearing on the validity of the court-ordered electronic surveillance documents, the product of which provided the basis of the questions asked him in the grand jury proceeding. His position below and here is accurately, if picturesquely, epitomized by the following matter from his brief:

> The Petitioner herein did not seek a full-blown adversary hearing gone beyond the bounds of necessity and good sense. All that he sought was the opportunity to examine the underlying affidavits and the order authorizing the tap, in short, a peek. Instead he was told that he had to settle for an in camera examination of these documents or go to jail.

Herbert Shafer, Atlanta, Ga., for appellant.

John W. Stokes, Jr., U. S. Atty., Atlanta, Ga., Marty Steinberg, Sp. Atty., U. S. Dept. of Justice, Atlanta, Ga., Ann Wallace, Atty., U. S. Dept. of Justice, Washington, D. C., Atlee Wampler, Chief, Miami Strike Force, U. S. Dept. of Justice, Miami, Fla., for appellee.

Though appellant is an attorney, he presents no questions of client privilege on this appeal.[1] Nor does he advance Fifth Amendment rights. He does rely on Fourth Amendment rights and rights under the statutory "exclusionary rule" of 18 U.S.C. § 2515, applicable to electronic surveillance.

Before BROWN, Chief Judge, and GODBOLD and GEE, Circuit Judges.

His Fourth Amendment arguments are shortly answered: a grand jury witness cannot refuse to answer

---

1. Though some were implicated at one stage below.

questions on the ground that they are the product of unlawful searches and seizures. The Court-fashioned exclusionary rule, a remedy and not a right, does not extend so far. *United States v. Calandra,* 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974). Appellant's § 2515 claim, however, raises a question open in Supreme Court precedent[2] and in this circuit:[3] the appropriate scope of inquiry where, in grand jury proceedings, the legitimacy of a court-ordered wiretap is challenged as a basis for refusal to answer questions founded on information derived from the surveillance. We are not, however, without guidance in our inquiry, for several of our sister circuits have considered the question and spoken—with essentially one voice.

The earliest of these authorities, and perhaps the seminal one, is the opinion of the Second Circuit in *In re Persico,* 491 F.2d 1156 (2d Cir.), *cert. denied,* 419 U.S. 924, 95 S.Ct. 199, 42 L.Ed.2d 158 (1974). In *Persico* the court noted Mr. Justice White's suggestion in his concurring opinion in *Gelbard v. United States,* 408 U.S. 41, 70, 92 S.Ct. 2357, 2372, 33 L.Ed.2d 179, 200 (1972), that when government surveillance has been authorized by a court order, a suppression hearing requirement would give undue weight to marginally useful procedural safeguards at the expense of disrupting grand jury proceedings. The Second Circuit then examined the legislative history of Congress' surveillance regulation scheme and concluded that the scales tip in favor of preserving efficient operation of the grand jury process when an in camera inspection reveals that a court-ordered wiretap is facially valid.[4]

The Ninth Circuit recently relied on *Persico* in reaching the same conclusion.[5] And the Third Circuit arrived at the same conclusion by a different route.[6] The only dissenting voice is the First Circuit, which in *In re Lochiatto,* 497 F.2d 803 (1st Cir. 1974), held that unless the government objects on secrecy grounds,[7] a grand jury witness can demand an opportunity to inspect the documents authorizing the challenged surveillance. Defendant here insists on the same right.

■ Thus, the only point of disagreement in any authority is the minor additional right of inspection given in *Lochiatto.* Insofar as *Lochiatto* conflicts with *Persico,* we choose to follow the latter. The relevant facts make this case indistinguishable from *Persico,*[8] and we think the rule there the proper one. Where the only question raised is the facial regularity of a wiretap authorization,[9] we prefer to rely on the district judge's in camera determination. The lower court stayed well within its bounds in adopting the procedure that it did.

The order of the district court is affirmed.

---

**2.** *Gelbard v. United States,* 408 U.S. 41, 92 S.Ct. 2357, 33 L.Ed.2d 179 (1972), relied on by appellant, does not reach it since there the surveillance was assumed illegal. *Id.* at 47 & 61 n. 22, 92 S.Ct. at 2360 & 2368 n. 22, 33 L.Ed.2d 186 & 194 n. 22.

**3.** Our opinion in *United States v. Stevens,* 510 F.2d 1101 (5th Cir. 1975), did not reach it since a prior proceeding had already found the surveillance valid.

**4.** The Second Circuit recently reaffirmed *Persico* in *In re Vigorito,* 499 F.2d 1351 (2d Cir.), *cert. denied,* 419 U.S. 1056, 95 S.Ct. 640, 42 L.Ed.2d 654 (1974). The court remarked that in *Persico* they had accepted Mr. Justice White's suggestion.

**5.** *Droback v. United States,* 509 F.2d 625 (9th Cir. 1974), *cert. denied,* 421 U.S. 964, 95 S.Ct. 1952, 44 L.Ed.2d 450 (1975).

**6.** *United States v. D'Andrea,* 495 F.2d 1170, 1174 (3d Cir.) (per curiam), *cert. denied,* 419 U.S. 855, 95 S.Ct. 101, 42 L.Ed.2d 88 (1974).

**7.** Which then requires an in camera determination of the facial validity of the surveillance.

**8.** *Persico* involved an immunized witness. Defendant here asserts no Fifth Amendment rights on appeal, so we never reach the immunization issue, but, in any event, this distinction is inconsequential.

**9.** This Circuit's opinion in *United States v. Stevens,* 510 F.2d 1101 (5th Cir. 1975), answers most other questions concerning the sufficiency of the government's § 3504 response to a general attack in a grand jury investigation on the validity of electronic surveillance.