**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Michael Irvin CANON,
Defendant-Appellant.**

**No. 75–3811.**

United States Court of Appeals,
Ninth Circuit.

Jan. 12, 1976.

Revised April 12, 1976.

Certiorari Denied May 24, 1976.
See 96 S.Ct. 2202.

**140**

Douglas G. Crosby (argued), Goodman & Snyder, Las Vegas, Nev., for defendant-appellant.

J. Robert Liset (argued), Sp. Task Force, Dept. of Justice, Los Angeles, Cal., for plaintiff-appellee.

Before CHAMBERS, DUNIWAY and SNEED, Circuit Judges.

PER CURIAM:

An immunized witness, Canon, appeals from an order of the District Court holding him in contempt for refusing to comply with an order that he answer certain questions put to him as a witness before a grand jury, and committing him to the custody of the Attorney General until he purges himself of the contempt or until the life of the grand jury expires.

Canon's motion to strike from the record on appeal an affidavit filed by the government in the District Court on December 19, 1975, seven days after the Notice of Appeal was filed, and fourteen days after entry of the order appealed from, is granted. The affidavit was not before the District Court when it made its order and, therefore, is not a proper part of the record on appeal. We express no opinion as to the significance or effect of the affidavit in the District Court.

The law does not require that the District Court make the type of protective order or orders that Canon asked for, although the Court, in its discretion, could have done so. Cf. Goldberg v. United States, 472 F.2d 513, 516, n.5 (2nd Cir. 1973). In re Weir, 377 F.Supp. 919 (S.D.Cal.1974), aff'd 520 F.2d 662 (9th Cir. 1975).

Our reading of the record, and particularly the colloquy between counsel and the judge at Tr. pp. 80–2, leads us to agree with the District Judge that no sufficient claim of illegal surveillance was made under Title 18 U.S.C. Sec. 3504. See United States v. See, 505 F.2d 845 (9th Cir. 1974). As to the attack upon the Court-authorized electronic surveillance of Canon, he is not permitted, as a recalcitrant witness, to delay the grand jury proceeding while he litigates the question of the validity of the surveillance. Droback v. United States, 509 F.2d 625 (9th Cir. 1974); In re Persico, 491 F.2d 1156 (2nd Cir. 1974). We have not followed In re Lochiatto, 497 F.2d 803 (1st Cir. 1974). See Droback, supra.

The order appealed from is affirmed. No petition for a rehearing may be filed. The mandate will issue 21 days after the filing of this Opinion.