**In re Irwin GORDON, a witness before the Federal Grand Jury.**

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Irwin GORDON, Defendant-Appellant.**

**No. 76–1654.**

United States Court of Appeals, Ninth Circuit.

April 13, 1976.

---

Gary Logan, Las Vegas, Nev., for defendant-appellant.

Lawrence J. Semenza, U. S. Atty., Las Vegas, Nev., for plaintiff-appellee.

OPINION

Before: CHAMBERS, WRIGHT and TRASK, Circuit Judges.

WRIGHT, Circuit Judge:

Gordon appeals from an order of the district court holding him in contempt for refusing to comply with an order that he answer questions propounded before a grand jury after he had been granted immunity. He has been committed to the custody of the Attorney General until he purges himself of the contempt or until the life of the grand jury expires. Appellant is presently free on bail.

The government moved to dismiss this appeal for failure to pay the docket fee pursuant to Rule 12(c) of the Federal Rules of Appellate Procedure. Although late, payment has now been made. No delay in the appeal process having resulted, the motion is denied.

The law does not require that the district court make the type of protective order appellant unsuccessfully sought below although the court, in its discretion, might have granted it. *United States v. Canon,* 534 F.2d 139 (9th Cir. Apr. 8, 1976). *Cf. Goldberg v. United States,* 472 F.2d 513, 516 n.5 (2d Cir. 1973).

Nor may appellant, as a recalcitrant witness, delay the grand jury proceedings while he litigates the question of the validity of the electronic surveillance. *Droback v. United States,* 509 F.2d 625 (9th Cir. 1975); *In re Persico,* 491 F.2d 1156 (2d Cir. 1974).

The attempt to avoid the holding of *Droback* by alleging that the electronic surveillance in this case was patently illegal also fails. The Second Circuit, in *Persico, supra* at 1162, outlined the limited circumstances

under which such a challenge may be appropriate:

> [T]he refusal would be permissible only if there is an absence of a necessary court order or if there is a concession from the Government that the surveillance was not in conformity with statutory requirements or if there is a *prior* judicial adjudication that the surveillance was unlawful.

Appellant's challenge to the court order on the basis that there were other investigative techniques available at the time the court ordered electronic surveillance, *see United States v. Kalustian*, 529 F.2d 585 (9th Cir. 1975), does not fit within any of these categories. A determination of the validity of this contention would require a plenary hearing. This is the type of delay sought to be avoided in *Droback*.

■ For the same reason, the assertion that 18 U.S.C. § 2518(9) [1] required release to appellant of the court's order authorizing electronic surveillance and the government's application for the interception must be rejected. The language in *Persico, supra* at 1162 is appropriate:

> The contempt mechanism employed here to coerce testimony is so intimately connected with the grand jury proceedings in which the testimony is desired as to be

really a part of those proceedings. Obviously, any expansion of the breadth of inquiry permissible in a contemporaneous contempt proceeding initiated because of the recalcitrance of a grand jury witness necessarily inhibits the smooth functioning and efficient operation of the grand jury.

Disclosure of the court order and application as sought by appellant at the contempt proceeding would be of value only in the type of hearing precluded by *Droback*.

■ Appellant also contends that the FBI acted unlawfully when contents of the electronic surveillance were incorporated with a search warrant which later became part of the public record. He asserts that, because of this allegedly unlawful disclosure, 18 U.S.C. § 2515 [2] bars the use of the contents of the surveillance before the grand jury.

The reliance on 18 U.S.C. § 2515 is misplaced. It bars introduction of the contents of oral communications "if the disclosure of that information would be in violation of this chapter [Title III]." Those disclosures which are, in turn, prohibited and subject to a motion to suppress are enumerated in 18 U.S.C. § 2518(10)(a). [3] *United States v. Giordano*, 416 U.S. 505, 524, 94 S.Ct. 1820, 1831, 40 L.Ed.2d 341, 358 (1974). Here, the

---

1. 18 U.S.C. § 2518(9):

   "(9) The contents of any intercepted wire or oral communication or evidence derived therefrom shall not be received in evidence or otherwise disclosed in any trial, hearing, or other proceeding in a Federal or State court unless each party, not less than ten days before the trial, hearing, or proceeding, has been furnished with a copy of the court order, and accompanying application, under which the interception was authorized or approved. This ten-day period may be waived by the judge if he finds that it was not possible to furnish the party with the above information ten days before the trial, hearing, or proceeding and that the party will not be prejudiced by the delay in receiving such information."

2. 18 U.S.C. § 2515:

   "Whenever any wire or oral communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial, hearing, or other pro-

ceeding in or before any court, grand jury, department, officer, agency, regulatory body, legislative committee, or other authority of the United States, a State, or a political subdivision thereof if the disclosure of that information would be in violation of this chapter."

3. In relevant part 18 U.S.C. § 2518(10)(a) reads:

   "(10)(a) Any aggrieved person in any trial, hearing, or proceeding in or before any court, department, officer, agency, regulatory body, or other authority of the United States, a State, or a political subdivision thereof, may move to suppress the contents of any intercepted wire or oral communication, or evidence derived therefrom on the grounds that—

   (i) the communication was unlawfully intercepted;

   (ii) the order of authorization or approval under which it was intercepted is insufficient on its face; or

   (iii) the interception was not made in conformity with the order of authorization or approval."

ground urged by appellant is not among those contained in § 2518(10)(a) and suppression is not warranted. *See United States v. Chavez*, 416 U.S. 562, 571–74, 94 S.Ct. 1849, 1855, 40 L.Ed.2d 380, 390 (1974).

The order appealed from is affirmed. No petition for rehearing will be entertained. The mandate will issue 14 days after the filing of this opinion. Bail is revoked now.