**In the Matter of SPECIAL FEBRUARY, 1977 GRAND JURY.**

**Appeal of Alfred PAVONE.**

**No. 78–1020.**

United States Court of Appeals, Seventh Circuit.

Argued Jan. 30, 1978.

Decided Feb. 2, 1978.

Rehearing and Rehearing En Banc Denied March 13, 1978.

Santo J. Volpe, Chicago, Ill., for appellant.

Thomas P. Sullivan, U. S. Atty., J. Kenneth Lowrie, Asst. U. S. Atty., Chicago, Ill., for appellee.

Before CUMMINGS, SPRECHER and WOOD, Circuit Judges.

PER CURIAM.

Alfred Pavone, subpoenaed as a witness before the Special February, 1977 Grand Jury of the Northern District of Illinois, was thereafter found to be a recalcitrant witness by the district court, held in contempt, and ordered confined pursuant to U.S.C. § 1826(a).[1]  On appeal, Pavone raises

---

1. 28 U.S.C. § 1826(a) provides in pertinent part:

(a) Whenever a witness in any proceeding before or ancillary to any court or grand jury of the United States refuses without just cause shown to comply with an order of the court to testify or provide other information, including any book, paper, document, record, recording or other material, the court, upon such refusal, or when such refusal is duly brought to its attention, may summarily order his confinement at a suitable place until such time as the witness is willing to give such testimony or provide such information. No period of such confinement shall exceed the life of—

(1) the court proceeding, or

(2) the term of the grand jury, including extensions, before which such refusal to comply with the court order occurred, but in

two major issues. He asserts as a defense to the contempt charge that the questions he was asked before the grand jury were based on information obtained through illegal electronic surveillance, and therefore his refusal to answer was justified. Pavone further argues that he was entitled to full discovery of materials possessed by the government relating to the authorization and execution of the electronic surveillance. Secondly, Pavone challenges the manner in which the contempt hearing was conducted, which included an *in camera* inspection of the wire interception documents before the same judge, Chief Judge Parsons, who initially authorized the wire interception. We affirm.[2]

The issues arose in this manner. Pavone responded to the grand jury subpoena on October 20, 1977, but refused to answer the questions propounded by asserting his Fifth Amendment privilege against self-incrimination. On November 17, 1977, pursuant to a petition filed by the government the district judge entered an order granting Pavone immunity according to the provisions of 18 U.S.C. §§ 6002, 6003. Pavone was ordered to appear again before the grand jury. Upon his second appearance, Pavone again refused to answer the questions propounded by stating that the "inquiry is based upon illegal electronic surveillance obtained by violation of Title 18 of the United States Code, Section 2510, and the following sections and in particular, Section 2515 and also because my answer could incriminate me." The government responded by filing a petition for contempt. At the hearing on the petition on December 15, 1977, the government conceded that Pavone had been the subject of a wiretap authorized by the court pursuant to the provisions of §§ 2516 and 2518, and that the questions propounded to Pavone before the grand jury were the result of Pavone's intercepted communications. Pavone answered alleging that the wire interceptions were viola-

tive of one or more of the various statutory requirements, at other times were accomplished without any court order, and moved for full discovery. Sought by Pavone was the opportunity to hear all the original tape recordings of the intercepted conversations, and the opportunity to examine the transcripts of the conversations, also any logs or summarizations or reports quoting the intercepted communications, copies of affidavits and applications for court authorizations, copies of any periodic reports of the agents intercepting the conversations, and the order of the court authorizing the interception. The discovery requested was denied. The trial judge found that Pavone's conclusionary allegations of unlawful interceptions were nothing more than conjecture and suspicion, but did undertake an *in camera* examination of the documents relating to the wire interception which had been previously authorized. The court found no necessity for an extended hearing.

On December 21, 1977, the trial judge advised the parties that he had examined the petitions upon which the wire interception authorizations were based and found that they were sufficient in fact and in law. He further found that the supporting affidavits were abundantly sufficient. In addition, the judge informed the parties that he had reviewed the grand jury transcripts and found that the questions which had been propounded before the grand jury originated from the authorized wire interceptions. Further, the court found that the interceptions had been carried out in conformity with the authority granted.

After giving Pavone ample opportunity to avoid contempt by responding to the grand jury inquiries, the court adjudged Pavone to be in contempt and ordered him confined in accordance with 28 U.S.C. § 1826(a). Pavone's related motions to quash grand jury subpoena, to suppress and for continuance, were denied.

---

no event shall such confinement exceed eighteen months.

**2.** Because of the requirements of 28 U.S.C. § 1826(b), requiring any appeal from confinement as a recalcitrant witness to be disposed of

no later than thirty days after the filing of the appeal, this court issued an order on February 2, 1978, affirming the trial court which this opinion is intended to more fully explain.

Our resolution of the issues must begin with consideration of *Gelbard v. United States*, 408 U.S. 41, 92 S.Ct. 2357, 33 L.Ed.2d 179 (1972). In that case the majority assumed that the government had illegally intercepted communications of the grand jury witness and that the testimony sought was derived from the interceptions in violation of the statute.[3] The "narrow question" remaining was whether under those circumstances a grand jury witness could invoke the prohibition of 18 U.S.C. § 2515, as a defense to contempt charges brought on the basis of the refusal of the witness to obey a court order to testify.[4] The Court found it unnecessary to decide if the witness could refuse to answer had the interception been pursuant to a court order. In his concurring opinion, Justice White comments on the question left open:

> Where the Government produces a court order for the interception, however, and the witness nevertheless demands a full-blown suppression hearing to determine the legality of the order, there may be room for striking a different accommodation between the due functioning of the grand jury system and the federal wiretap statute. Suppression hearings in these circumstances would result in pro-

tracted interruption of grand jury proceedings. 408 U.S. at 70, 92 S.Ct. at 2372. In his dissent, Mr. Justice Rehnquist anticipates the further problem of whether or not Congress intended to engraft on the traditional and rather summary contempt hearing a new type of hearing in which a grand jury witness is permitted discovery of the government's applications, orders, tapes, and transcripts relating to electronic surveillance. 408 U.S. at 75, 92 S.Ct. 2357. Justice Rehnquist finds time-consuming challenges by witnesses during the course of a grand jury investigation to be inimical to its functioning. 408 U.S. at 77, 92 S.Ct. 2357.

Later in *United States v. Calandra*, 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974), not a wire interception case, the Court, evidencing concern for undue obstruction of the public interest in an effective grand jury process, held that a witness before a grand jury may not refuse to answer questions on the ground that the questions resulted from evidence obtained from an unlawful search and seizure. The grand jury institution, functioning under judicial supervision, is helpfully reviewed. 414 U.S. at 342–46, 94 S.Ct. 613.

Pavone, relying on 18 U.S.C. § 2518(10)(a),[5] moved to suppress the grand

---

**3.** Title III, Omnibus Crime Control and Safe Streets Acts of 1968, 18 U.S.C. §§ 2510–20.

**4.** 18 U.S.C. § 2515, provides:
> Whenever any wire or oral communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial, hearing, or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, legislative committee, or other authority of the United States, a State, or a political subdivision thereof if the disclosure of that information would be in violation of this chapter.

**5.** 28 U.S.C. § 2518(10)(a), provides in pertinent part:
> (10)(a) Any aggrieved person in any trial, hearing, or proceeding in or before any court, department, officer, agency, regulatory body, or other authority of the United States, a State, or a political subdivision thereof, may move to suppress the contents of any intercepted wire or oral communication, or evidence derived therefrom, on the grounds that—

> (i) the communication was unlawfully intercepted;
> (ii) the order of authorization or approval under which it was intercepted is insufficient on its face; or
> (iii) the interception was not made in conformity with the order of authorization or approval.

> Such motion shall be made before the trial, hearing, or proceeding unless there was no opportunity to make such motion or the person was not aware of the grounds of the motion. If the motion is granted, the contents of the intercepted wire or oral communication, or evidence derived therefrom, shall be treated as having been obtained in violation of this chapter. The judge, upon the filing of such motion by the aggrieved person, may in his discretion make available to the aggrieved person or his counsel for inspection such portions of the intercepted communication or evidence derived therefrom as the judge determines to be in the interests of justice.

jury subpoena and the intercepted communications. We do not read the majority opinion in *Gelbard*, deciding only the "narrow issue," as mandating that whenever a grand jury witness seeks the protection of Section 2515 full discovery and an evidentiary hearing are automatically required. In any event, Congress provided that discovery of the contents of the interceptions is controlled by the judge's discretion. See note 5, *supra*.

In *In Re Persico*, 491 F.2d 1156 (2d Cir. 1974), *cert. denied*, 419 U.S. 924, 95 S.Ct. 199, 42 L.Ed.2d 158, similar discovery and hearing issues were considered. That court after considering the legislative history of the wire interception statute[6] concluded that an immunized witness is not entitled to a hearing or a motion to suppress during the course of the grand jury proceedings. Refusal of a witness to testify is justified, it is held, only in circumstances where there is no authorizing court order, or the government concedes the surveillance was not in conformity with the statute, or where there was a prior judicial determination to that effect. That court concluded that inasmuch as the trial judge had considered *in camera* the wire interception documents to determine statutory compliance, the witness had received all he was entitled to.

In addition to the Second Circuit, it appears that the Third, Fifth, and Ninth Circuits generally approve somewhat similar limitations. *United States v. D'Andrea*, 495 F.2d 1170 (3rd Cir. 1974), *cert. denied*, 419 U.S. 855, 95 S.Ct. 101, 42 L.Ed.2d 88; *United States v. Worobyzt*, 522 F.2d 196 (5th Cir. 1975), *cert. denied*, 425 U.S. 911, 96 S.Ct. 1507, 47 L.Ed.2d 761; *Droback v. United States*, 509 F.2d 625 (9th Cir. 1974), *cert. denied*, 421 U.S. 964, 95 S.Ct. 1952; *In Re Gordon*, 534 F.2d 197 (9th Cir. 1976). But see *In Re Lochiatto*, 497 F.2d 803 (1st Cir. 1974); *Melickian v. United States*, 547 F.2d 416 (8th Cir. 1977), *cert. denied*, 430 U.S. 986, 97 S.Ct. 1684, 52 L.Ed.2d 381.

■ The accommodation between grand jury and statute mentioned by Justice White, 408 U.S. at 70, 92 S.Ct. 2357, we believe, was fairly accomplished in the present case. The witness was immunized, although this relates to the Fifth, not Fourth, Amendment. The vital circumstance is that the electronic surveillance was court approved. All the electronic surveillance documents were examined by the trial judge *in camera* and found to comply with the statute. The questions propounded but not answered before the grand jury were found by the trial judge to have originated from authorized interceptions.

■ In addition to the considerations of delay, possible exposure of sensitive material affecting others, and jeopardy to witnesses and informants which full discovery and evidentiary hearings would often involve, there are other possibilities for abuse. It could serve to educate the witness and any associates and suggest to receptive minds that testimony be tailored to only that which is believed to be already known to the grand jury. Pavone received all that he was entitled to receive. As Justice Rehnquist stated, anything more would be "inimical to the function" of the grand jury. No further interruption of the grand jury's investigation was justified. We also have independently reviewed *in camera* the sealed documents which were added to the record on appeal by order of this court and find them adequate.

■ Pavone made an additional general unsupported allegation in his Motion to Suppress that there were unspecified periods of time when the electronic surveillance was without benefit of any court order. However, the trial court, after *in camera* inspection, found the propounded questions to be derived from the authorized interceptions. The government's affidavits in support of the authorized wire interceptions, included in the *in camera* documents, also reflect on the absence of other interceptions. In this case nothing more was required on the part of the government to deny the allegation. *United States v. Yanagita*, 552 F.2d 940, 943 (2d Cir. 1977).

6. U.S. Senate Report, U.S.Code Cong. & Admin.News 1968, p. 2112, *et seq.*

The only specific factual allegation argued on appeal by Pavone to show that the provisions of 18 U.S.C., § 2510 *et seq.*, were not complied with relates to a requirement of § 2518(8)(a) that, "[i]mmediately upon the expiration of the period of the order, or extensions thereof, such recordings shall be made available to the judge issuing such order and sealed under his directions." At the hearing in the district court, the government explained that at the time for sealing, due to the absence from Chicago of the issuing district judge, in this case Chief Judge Parsons, the recordings were made available to Acting Chief Judge Will for sealing, and were sealed. We find this slight deviation from the literal wording of the statute to be no basis for a finding that the electronic surveillance was illegal.

Pavone also objects to the fact that it was Chief Judge Parsons who made the *in camera* inspection of the supporting documents because Chief Judge Parsons was the judge who had authorized the electronic surveillance. The contempt proceeding was directly related to the grand jury proceeding temporarily suspended to await the possibility of Pavone's testimony. As a part of Chief Judge Parsons' responsibilities under the wire interception statute and his judicial supervision of the grand jury process, it was appropriate for him to make the *in camera* review as part of the contempt proceeding. The record reveals that full and careful consideration was given by Chief Judge Parsons to the issues in this case. We note also that to require that any *in camera* review be performed by a different judge would be impractical in several districts in this circuit and cause even greater grand jury delay.

We do not by our holding in this case intend to limit the exercise of a trial judge's sound discretion when exceptional circumstances, not existing in this case, may justify an expanded proceeding. We find no error in the trial court's rulings on Pavone's other motions.

We affirm the order of the district court adjudging Pavone in civil contempt and directing his imprisonment, and also affirm the rulings of the district court in all related orders. Our mandate shall issue forthwith.