### In re GRAND JURY PROCEEDINGS: Todd McELHINNEY, witness.

### Todd McELHINNEY, Witness, Appellant,

v.

### UNITED STATES of America, Appellee.

### No. 82–5309.

United States Court of Appeals, Ninth Circuit.

Submitted April 26, 1982.

Decided May 17, 1982.

Robert F. Semmer, Asst. U. S. Atty., on the brief, Peter K. Nunez, U. S. Atty., San Diego, Cal., for appellee.

Appeal from the United States District Court for the Southern District of California.

Before GOODWIN, SKOPIL and BOOCHEVER, Circuit Judges.

PER CURIAM.

Todd McElhinney appeals an order of confinement for contempt of court after his refusal to testify before a federal grand jury. Following his claim of privilege, he was granted immunity and ordered to testify. He continued to refuse, contending that the government had illegally monitored his telephone. We vacate the order and remand for further proceedings.

The government acknowledged use of a court-ordered wiretap, and McElhinney requested disclosure of the following documents for the purpose of a limited hearing on the legality of the surveillance: (1) the application of the Attorney General or his representative for authority to conduct the surveillance; (2) the affidavit in support of the application; (3) the court order authorizing surveillance; (4) the affidavit describing the duration of the surveillance.

The court denied the request and reviewed the documents *in camera*. Based on its examination, the court concluded that the surveillance was legal and that to allow other than *in camera* review would unduly delay the grand jury's investigation.

The Supreme Court has held that a grand jury witness charged with civil contempt may assert in defense the prohibition of 18 U.S.C. § 2515 against government use of unauthorized electronic surveillance. *Gelbard v. United States*, 408 U.S. 41, 92 S.Ct. 2357, 33 L.Ed.2d 179 (1972). The court left open the question whether a witness may refuse to answer questions based on conversations intercepted pursuant to a court order. *Id.* 408 U.S. at 61, n.22, 92 S.Ct. at 2367.

Two lines of cases interpret the right of witnesses to challenge court-ordered surveillance in civil contempt proceedings. One line follows *In re Persico*, 491 F.2d 1156, 1161–2 (2d Cir.), *cert. denied*, 419 U.S. 924, 95 S.Ct. 199, 42 L.Ed.2d 158 (1974), where the Second Circuit concluded that witnesses were not entitled to a "plenary suppression hearing" based on the conflicting policies of excluding illegally acquired evidence and maintaining unimpeded grand jury proceedings. The interests of the witness were found to be sufficiently protected by *in camera* inspection of the surveillance documents, because evidence would be excluded under 18 U.S.C. § 2515 only where: (1) the necessary court order is absent; (2) the government concedes that the surveillance was not in conformity with statutory requirements; or (3) the surveillance was

held unlawful in a prior adjudication. *Id.* at 1162.[1]

■ The First Circuit took a slightly different view. It permitted disclosure of the documents requested here by McElhinney. *In re Lochiatto*, 497 F.2d 803 (1st Cir. 1974). The court held that limited disclosure best addressed the competing judicial objectives involved: (1) minimizing delay in the grand jury proceedings; (2) securing any Government interest in secrecy; and (3) protecting the right of the witness to assert his or her defense. *Id.* at 807. Under the *Lochiatto* guidelines, the Government may object to disclosure on the ground of harm caused by breach of secrecy. The district court is then required to determine whether the secret information may be deleted or summarized. Portions of the information which cannot be deleted or summarized can be examined by the district court *in camera. Id.* at 808.[2] The witness is not provided an opportunity to litigate the truth of affiants' statements or "minimization"[3] in monitoring conversations, but may address irregularities on the face of the documents. *Id.*

We have generally adopted the *Persico* rationale. In *Droback v. United States*, 509 F.2d 625, 626 (9th Cir. 1974), *cert. denied*, 421 U.S. 964, 95 S.Ct. 1952, 44 L.Ed.2d 450 (1975), this court held that witnesses are not permitted to delay grand jury proceedings pending a "plenary challenge" to the surveillance[4]:

"We decline to hold that an immunized witness can stop the investigation, assert his list of objections, proceed with comprehensive discovery, and ultimately have a full-fledged suppression hearing to determine whether or not the court order allowing the surveillance or the manner of its execution is vulnerable to some attack."

The district court in the pending case based its rejection of McElhinney's request for disclosure on *In re Gordon*, 534 F.2d 197 (9th Cir. 1976). In *Gordon*, the witness was denied access to the Attorney General's application and the court order authorizing electronic surveillance on the ground that "[d]isclosure . . . as sought by the appellant at the contempt proceeding would be of value only in the type of hearing precluded by *Droback*." *Id.* at 199.

This case, however, is distinguishable from *Gordon*. McElhinney sought limited access to the requested documents, combined with a limited hearing on the legality of the surveillance and not the plenary hearing rejected by *Gordon*. The Seventh Circuit recently recognized a similar distinction in *In re DeMonte*, 667 F.2d 590 (7th Cir. 1981), when it shifted from its adherence to *Persico*[5] and permitted limited disclosure under the *Lochiatto* guidelines.

■ Until now, this court has not specifically endorsed a method for determining the validity of court-ordered electronic surveillance challenged by recalcitrant grand jury witnesses. We believe that the limited-access approach of *Lochiatto* and its progeny provides a method for rapid resolution of these questions, consistent with this court's previously expressed goal of avoiding delay in grand jury proceedings.[6] We therefore vacate the order of the district

---

1. The Fifth Circuit has adopted *Persico. In re Grand Jury Proceedings (Worobyzt)*, 522 F.2d 196, 198 (5th Cir. 1975), *cert. denied sub nom., Worobyzt v. United States*, 425 U.S. 911, 96 S.Ct. 1507, 47 L.Ed.2d 761 (1976).

2. The *Lochiatto* guidelines have been adopted by the Third, Seventh, Eighth and District of Columbia Circuits. *In re Harkins*, 624 F.2d 1160 (3d Cir. 1980); *In re DeMonte*, 667 F.2d 590 (7th Cir. 1981); *Melickian v. United States*, 547 F.2d 416 (8th Cir. 1977); *In re Grand Jury Proceedings (Katsouros)*, 613 F.2d 1171 (D.C. Cir.1979).

3. 18 U.S.C. § 2518(5) requires that all interceptions "shall be conducted in such a way as to minimize the interception of communications not otherwise subject to interception under this chapter."

4. *See also United States v. Canon*, 534 F.2d 139 (9th Cir. 1976).

5. *See In the Matter of the Special February 1977 Grand Jury (Pavone)*, 570 F.2d 674 (7th Cir. 1978).

6. *In re Droback, supra*, 509 F.2d at 626; *United States v. Canon, supra*, 534 F.2d at 140; *In re Gordon, supra*, 534 F.2d at 198.

court finding witness McElhinney in contempt, and remand for proceedings consistent with the following guidelines:

McElhinney will be permitted conditional access to the application of the Attorney General or his designate to conduct the electronic surveillance in question, affidavit(s) submitted in support of the application, the district court's order authorizing surveillance and the affidavit describing the duration of the surveillance. The government may object to any specific disclosure because of the potential harm caused by breach of the secrecy surrounding information contained in the documents. If the government objects, the district court must examine the documents to determine whether the secret information may be summarized or deleted before disclosure. Portions that cannot be deleted or summarized for disclosure must then be reviewed by the district court *in camera* to determine the constitutional and statutory validity of the application and compliance with the court ordered time limits on surveillance. *See In re Lochiatto, supra*, 497 F.2d at 808.

A limited adversarial hearing will be provided, preferably on the same day the documents are revealed, to allow McElhinney to raise objections evident from the face of the documents. He will not be permitted to obtain or introduce evidence to test the factual sufficiency of the allegations made in the document or the "minimization" of surveillance. *See In re Lochiatto, supra*, 497 F.2d at 808; *In re Harkins*, 624 F.2d 1160, 1167 (3d Cir. 1980); *In re Grand Jury Proceedings (Katsouros)*, 613 F.2d 1171, 1175.

Reversed and remanded.