In re Grand Jury Proceedings:  Todd
McELHINNEY, witness.

Todd McELHINNEY, Witness, Appellant,

v.

UNITED STATES of America, Appellee.

No. 82–5309.

United States Court of Appeals,
Ninth Circuit.

Submitted April 26, 1982.

Decided Jan. 31, 1983.

Robert F. Semmer, Asst. U.S. Atty., on
the brief, Peter K. Nunez, U.S. Atty., San
Diego, Cal., for appellee.

Before GOODWIN, SKOPIL and BOO-
CHEVER, Circuit Judges.

REVISED OPINION

GOODWIN, Circuit Judge.

Todd McElhinney appeals an order of
confinement for contempt of court after his
refusal to testify before a federal grand
jury.  Following his claim of privilege, he
was granted immunity and ordered to testi-
fy.  He continued to refuse, contending
that the government had illegally moni-
tored his telephone.  We vacate the order
and remand for further proceedings.

The government acknowledged use of a
court-ordered wiretap, and McElhinney re-
quested disclosure of the following docu-
ments for the purpose of a limited hearing
on the legality of the surveillance: (1) the
application of the Attorney General or his
representative for authority to conduct the
surveillance; (2) the affidavit in support of
the application; (3) the court order autho-
rizing surveillance; (4) the affidavit de-
scribing the duration of the surveillance.

The court denied the request and reviewed the documents *in camera*. Based on its examination, the court concluded that the surveillance was legal and that to allow other than *in camera* review would unduly delay the grand jury's investigation.

The Supreme Court has held that a grand jury witness charged with civil contempt may assert in defense the prohibition of 18 U.S.C. § 2515 against government use of unauthorized electronic surveillance. *Gelbard v. United States,* 408 U.S. 41, 92 S.Ct. 2357, 33 L.Ed.2d 179 (1972). The court left open the question whether a witness may refuse to answer questions based on conversations intercepted pursuant to a court order. *Id.* at 61, n. 22, 92 S.Ct. at 2368, n. 22.

The First and Second Circuits took the lead in responding to this question. They agree that a witness is not entitled to a plenary suppression hearing during grand jury proceedings. Such a hearing would unnecessarily delay the work of grand juries. *In re Lochiatto,* 497 F.2d 803, 807 (1st Cir.1974); *In re Persico,* 491 F.2d 1156, 1162 (2d Cir.), *cert. denied,* 419 U.S. 924, 95 S.Ct. 199, 42 L.Ed.2d 158 (1974).

The question presented here is whether the rule against plenary hearings precludes a grand jury witness from having limited access to specified documents concerning the validity of court-ordered electronic surveillance. The First Circuit concluded that the policy against complete disclosure is not a bar to any disclosure. *In re Lochiatto,* 497 F.2d at 807. It held that a grand jury witness is entitled to precisely the information that McElhinney requested, unless the government asserts a need for secrecy. If the government objects on secrecy grounds, the district judge determines *in camera* whether sensitive material could be deleted or summarized so that access to excerpted material still would be available to the witness. *Id.* at 808.

This court has not before faced the question of limited access. It has stated that "*Persico* more accurately reflects congressional policy authorizing a narrow range of court-ordered wiretaps than does *Lochiatto.*" *Droback v. United States,* 509 F.2d 625 (9th Cir.1974), *cert. denied,* 421 U.S. 964, 95 S.Ct. 1952, 44 L.Ed.2d 450 (1975). On three separate occasions we have rejected either plenary hearings or access to materials that would necessitate a plenary hearing. *In re Gordon,* 534 F.2d 197, 199 (9th Cir.1976) (no inquiry permitted as to whether other investigative techniques were available at time court ordered electronic surveillance because such determination would require plenary hearing); *United States v. Canon,* 534 F.2d 139, 140 (9th Cir.1976) (witness not allowed to delay grand jury proceeding by litigating validity of surveillance); *Droback v. United States,* 509 F.2d 625 (9th Cir.1974) (no plenary challenge of electronic surveillance permitted). We believe the trial court erred, however, in extrapolating from those cases a rule that under no circumstances is a grand jury witness entitled to limited access to documents.

The *Persico* court stated clearly that this area of the law confronts courts with competing policies: exclusion of illegally acquired evidence, and maintenance of unimpeded grand jury proceedings. *In re Persico,* 491 F.2d at 1161. Denying a grand jury witness a plenary hearing to challenge electronic surveillance clearly furthers the policy of unimpeded grand jury investigations. This case asks whether the other policy, excluding illegally acquired evidence, permits a witness limited access to specified documents. *Persico,* as interpreted by this circuit, does not preclude such access in certain situations. A grand jury witness is entitled to conditional access to the materials McElhinney requested: the application of the attorney general or his designate to conduct the electronic surveillance in question, affidavits submitted in support of the application, the district court's order authorizing surveillance, and the affidavit describing the duration of the surveillance. If the government objects to disclosure of the supporting affidavits on secrecy grounds, the district court must determine *in camera* whether sensitive materials can be excised and still give the witness any relevant information. The witness then must demon-

385

strate to the court that a challenge to the electronic surveillance can be supported by the papers then in hand, without introduction of additional evidence, and without the necessity of a plenary hearing. *See In re Gordon,* 534 F.2d at 199. The court may decide that the affidavits, apart from necessarily secret information, are of no value to the witness, but that, considered as a whole, they are sufficient to support the surveillance. In that case the court would overrule the objections and order the witness to testify or be punished for contempt. This approach fosters both policies the *Persico* court sought to further.

The case is remanded for findings in accordance with this opinion.

The government's petition for rehearing is granted in part; the opinion of this court filed May 17, 1982, is withdrawn.