UNITED STATES of America, Appellee,

v.

Thomas G. McDONALD, Appellant.

No. 203, Docket 27804.

United States Court of Appeals Second Circuit.

Argued Feb. 1, 1963.

Decided Feb. 25, 1963.

833

Burton Berkley, Atty., Dept. of Justice, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson and Joseph M. Howard, Attys., Dept. of Justice, and John T. Curtin, U. S. Atty., for the Western District of New York and Eugene P. O'Connor, Asst. U. S. Atty., on the brief), for appellee.

Herald P. Fahringer, Jr., of Lipsitz, Green, Fahringer & Fleming, Buffalo, N. Y., for appellant.

Before LUMBARD, Chief Judge, and SMITH and HAYS, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge.

Appellant, an attorney, was served with a subpoena pursuant to the Internal Revenue Code of 1954, § 7602 [1] requiring him to produce "copies of closing statements and sales contracts relative to all real estate closings in which William G. Lytle was involved that were closed through you or your office during the years 1957 to 1960, inclusive." Appellant has subsequently agreed to produce, as also required by the subpoena, checks issued to Lytle for the latter's commission on closed deals and records disclos-

---

1. "§ 7602. Examination of books and witnesses

"For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary or his delegate is authorized—

"(1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry;

"(2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary or his delegate may deem proper, to appear before the Secretary or his delegate at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and

"(3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry."

ing fees paid him by Lytle during the same years, but steadily refused to obey the quoted portion. The government then moved pursuant to the Internal Revenue Code of 1954 § 7604[2] for an order punishing him for contempt for his refusal to produce the enumerated books and records. Rejecting the claim that these were documents protected by the attorney-client privilege, the United States District Court for the Western District of New York, John O. Henderson, Judge, ordered the appellant to comply fully with the subpoena within 15 days. A stay was granted pending the outcome of this appeal.

The only substantial question on this appeal is whether or not it should be dismissed for lack of jurisdiction under 28 U.S.C. § 1291. The Seventh Circuit has concluded that an order directing compliance with an Internal Revenue subpoena is interlocutory, and therefore not appealable. Application of Davis, 303 F.2d 601 (7 Cir., 1962), cert. granted, sub nom. Davis v. Soja, 371 U.S. 810, 83 S.Ct. 45, 9 L.Ed.2d 53 (1962); Jarecki v. Whetstone, 192 F.2d 121 (7 Cir., 1951). The other circuits that have considered the question, this circuit included, have ruled to the contrary. In re Albert Lindley Lee Memorial Hospital, 209 F.2d 122 (2 Cir., 1953), cert. denied, sub nom. Cincotta v. United States, 347 U.S. 960, 74 S.Ct. 709, 98 L.Ed. 1104 (1954); O'Connor v. O'Connell, 253 F.2d 365 (1 Cir., 1958); Falsone v. United States, 205 F.2d 734 (5 Cir.), cert. denied 346 U.S. 864, 74 S.Ct. 103, 98 L.Ed. 375 (1953); Brownson v. United States, 32 F.2d 844 (8 Cir., 1929). In addition, the Supreme Court has heard an appeal from such an order on the merits, although not discussing the problem. United States v. First National Bank, 295 F. 142 (S.D.Ala.1924), aff'd mem., 267 U.S. 576, 45 S.Ct. 231, 69 L.Ed. 796 (1925).

It has been held that an order directing compliance with another type of administrative subpoena is final and appealable. Ellis v. Interstate Commerce Commission, 237 U.S. 434, 35 S.Ct. 645, 59 L. Ed. 1036 (1915). It has also been held that an order requiring a witness in a judicial proceeding to appear and answer is interlocutory. Alexander v. United States, 201 U.S. 117, 26 S.Ct. 356, 50 L. Ed. 686 (1906). The rationale for the distinction has been succinctly expressed:

"But a proceeding like that under § 12 of the Interstate Commerce Act may be deemed self-contained, so far as the judiciary is concerned—as much so as an independent suit in equity in which appeal will lie from an injunction without the necessity of waiting for disobedience. After the court has ordered a recusant witness to testify before the Commission, there remains nothing for it to do. Not only is this true with respect to the particular witness whose testimony is sought; there

2. "§ 7604. Enforcement of summons
"(a) Jurisdiction of district court.—If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data.
"(b) Enforcement.—Whenever any person summoned under section 7602 neglects or refuses to obey such summons, or to produce books, papers, records, or other data, or to give testimony, as required, the Secretary or his delegate may apply to the judge of the district court or to a United States commissioner for the district within which the person so summoned resides or is found for an attachment against him as for a contempt. It shall be the duty of the judge or commissioner to hear the application, and, if satisfactory proof is made, to issue an attachment, directed to some proper officer, for the arrest of such person, and upon his being brought before him to proceed to a hearing of the case; and upon such hearing the judge or the United State Commissioner shall have power to make such order as he shall deem proper, not inconsistent with the law for the punishment of contempts, to enforce obedience to the requirements of the summons and to punish such person for his default or disobedience."

is not, as in the case of a grand jury or trial, any further judicial inquiry which would be halted were the offending witness permitted to appeal. The proceeding before the district court is not ancillary to any judicial proceeding. So far as the court is concerned, it is complete in itself." Cobbledick v. United States, 309 U.S. 323, 330, 60 S.Ct. 540, 543, 84 L.Ed. 783 (1940) (Frankfurter, J.).

■ We are not persuaded by the attempts of the Government to escape the rule of Ellis v. Interstate Commerce Commission, supra, and to distinguish between the wording of the statute here in question and that in other statutes authorizing enforcement proceedings for administrative subpoenas. The contention, essentially, is that the statute authorizes a contempt penalty for disobedience to the summons, not to the order of the court, and that the order is therefore merely an additional step in the "contempt of summons" proceeding affording the witness a chance to comply without penalty. To begin with, the statute itself does not clearly yield such a distinction and we are unwilling to imply an intent to create a radically different procedure, even for collection of the revenue, from language that is at best ambiguous. But even accepting the Government's reading, we see only a semantic variation, a distinction without a difference. The operative differences still remain between this type of administrative subpoena and judicial process which the Supreme Court found controlling in Cobbledick v. United States, supra. The order is still a complete and final adjudication determining the appellant's obligation to obey the subpoena. It is no less so because, like an injunction issued at the conclusion of a suit in equity, it may be later enforced through contempt proceedings.

■■ On the merits, appellant shows no basis for a claim of privilege. His client necessarily contemplated divulging the information requested to other parties at the closing. Only matters transmitted by the client that are intended to be confidential communications to his attorney are protected. Colton v. United States, 306 F.2d 633 (2 Cir., 1962), cert. denied, 83 S.Ct. 505 (1963); United States v. Tellier, 255 F.2d 441 (2 Cir.), cert. denied 358 U.S. 821, 79 S.Ct. 33, 3 L.Ed.2d 62 (1958). 8 Wigmore, Evidence § 2311 (McNaughton rev. 1961). Nor does it appear how the subpoena places him under any undue burden, as little added effort is involved beyond that to which he had already agreed.

■ We take this occasion to point out again that proceedings with respect to the enforcement of subpoenas should be expedited in the district courts so far as possible, and that such cases will be given preference in this court and, in cases such as this, the appeal will be heard as summarily as possible upon application of either party.

The order appealed from is affirmed.