**UNITED STATES of America and Conley E. Lemons, Special Agent, Internal Revenue Service, Petitioners-Appellants,**

v.

**Al JOHNSON, Respondent-Appellee.**

No. 71–3499.

United States Court of Appeals,
Fifth Circuit.

Sept. 8, 1972.

Robert W. Rust, U. S. Atty., Miami, Fla., John M. Dowd, Trial Atty., Scott P. Crampton, Asst. Atty. Gen., Meyer

Rothwacks, John P. Burke, John M. Dowd, Joseph H. Reiter, Attys., Tax. Div., Dept. of Justice, Washington, D. C., for petitioners-appellants.

E. David Rosen, Richard M. Gale, Miami, Fla., for respondent-appellee.

Before TUTTLE, MORGAN and RONEY, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge:

In this appeal the Internal Revenue Service seeks review of an order by the District Court for the Southern District of Florida which modifies an order to enforce two Internal Revenue summonses.

## I.

The first summons in question, dated May 5, 1971, directed the respondent-appellee Al Johnson, an attorney, to appear before Special Agent Conley Lemons of the Internal Revenue Service on May 17, 1971, and to produce:

Documents contained in your files regarding the purchase, lease, and/or sale of real and personal property by TED NEELY.

Also, financial statements and documents relating to any and all loans negotiated by TED NEELY.

The second summons, served with the first, was identical with the first except that it covered documents relating to transactions by one August C. Sanzone a/k/a Mike Sanzone. Respondent Johnson appeared but refused to produce the requested documents. The Internal Revenue Service then sought an order directing production of the papers.

A hearing on the order to show cause issued by the district court was held on August 18, 1971. At this hearing the attorney for respondent Johnson objected to disclosure urging, first, that the documents sought were within the attorney-client privilege, and, secondly, that Johnson could invoke his clients' privilege against self-incrimination with respect to the documents sought. The government admitted that certain com-

munications in the files might be privileged but argued that these were not the items it was primarily seeking. The government also strongly maintained that in these circumstances an attorney has no right to raise his clients' Fifth Amendment privilege.

With the acquiescence of both counsel, the court ordered that Johnson first determine which documents he asserted were privileged and to turn all others over to the Internal Revenue. The court then undertook an *in camera* inspection of the documents which respondent claimed were privileged.

After this *in camera* inspection, the court entered the following brief order:

ORDERED and ADJUDGED that:

1. Respondent's motion to modify the order of August 18, 1971, is granted so as to dispense with the preparation of a descriptive list of the documents submitted to the court for *in camera* inspection. A descriptive list of privileged records would violate the respondent's Fifth Amendment self-incrimination rights which may be asserted by the attorney on behalf of his client under the authority of United States v. Judson, 9 Cir. 1963, 322 F.2d 460.

2. The Government's motion for order to show cause is denied.

3. The summoned documents found to be nonprivileged by the court will be made available by the court to the Government.

4. The summoned documents found to be privileged and not subject to Government inspection include documents regarding the purchase, lease, and sale of real and personal property by Ted Neely and August C. Sanzone and appraisals of such property. These documents will be returned to the respondent.

The government appeals from this order arguing that the respondent did not sufficiently establish the attorney-client privilege as to these documents and that Johnson cannot raise the self-incrimina-

tion defense in this action against him alone. It should be noted that Neely and Sanzone have not attempted to intervene in these proceedings.

## II.

Under the record and order entered below as presented to this court, we are unable to decide the issues presented in this case without remand to the district court for further information and findings. We must know the nature of the documents involved and the privilege which was held applicable to each.

Two grounds of privilege—attorney-client and self-incrimination—were asserted before the district court to justify withholding the documents from government inspection. The district court, as the government points out in its brief, did not specify which ground or combination of grounds was felt determinative as to the documents held privileged. Furthermore, the record and order contain only the barest indication of the nature of these documents.

This court is therefore faced with an impossible task on review. In order to overturn the order below, we would have to find that neither of the asserted privileges could apply whatever the nature of the documents. This we cannot do on the basis of the record before us.

If the only question presented on appeal were the right of the attorney to raise his client's self-incrimination defense, this court could pass on the issue. However, it is possible that this ground was not relied on by the district court at all, or only as to some of the documents. If the court below found some or all of the documents protected by the attorney-client privilege, it is impossible to pass on the correctness of the lower court's holding without knowledge of at least the general nature of the documents involved. Since we have no solid indication of the grounds relied on and the types of documents involved, we cannot determine the correctness of the order.

The government argues that the attorney-client privilege cannot apply because all that was sought were documents of a type designed to be disclosed to third parties. We recognize the validity of this argument but due to a lack of clear indication in the record, we cannot be sure that the documents excluded by the district court were of this type. We also agree that not all documents in the hands of an attorney fall within the privilege. Again, however, the record before us does not establish that some of the documents encompassed within the broad sweep of the language of the government's summons would not include communications which could clearly be within the privilege. In the bare record before us, the statements of both counsel indicate that the documents sought consisted of the attorney's file of dealings with and on behalf of his clients. Such a file would almost certainly contain letters and other information protected by the attorney-client privilege. Without knowing the nature of the documents found privileged, we cannot determine if they meet the proper standard.

This is not a case where the government's request was so narrow that the court can determine that in no event could privileged documents be included in those sought by the summons. See, e. g., Colton v. United States, 2 Cir. 1962, 306 F.2d 633; United States v. McDonald, 2 Cir. 1963, 313 F.2d 832. The language of the summons could, as noted, easily include privileged documents.

The government also maintains that the respondent failed to carry his burden of proof that these documents fell within the attorney-client privilege. The burden here does seem squarely on respondent. Bouschor v. United States, 8 Cir. 1963, 316 F.2d 451, 457. The government argues that this burden was not met due to lack of testimony by the attorney (Johnson) or his clients (Neely and Sanzone) "as to the nature of their relationship in connection with each of the documents delivered for *in camera* inspection". Such an assertion over-

looks the fact that the documents themselves were turned over to the court for inspection and that the documents themselves may well be the best evidence of their confidential and privileged nature. This court cannot say that there was no evidence before the district court on which it could base the finding of privilege since the documents themselves were properly before it.

The government's reliance on United States v. Roundtree, 5 Cir. 1969, 420 F. 2d 845, for the proposition that testimony was required as to each document seems misplaced. In *Roundtree* the court was faced with a blanket Fifth Amendment claim as to both production of any documents and the answering of any questions. There this court set out the preferred course of conduct for such challenges as to

> present himself with his records for questioning, and as to each question and each record elect to raise or not to raise the defense. The district court may then determine by reviewing Roundtree's records and by considering each question whether, in each instance, the claim of self-incrimination is well-founded.

420 F.2d at 852.

This is the procedure followed by Johnson in asserting both privilege claims. Only those papers to which a claim of privilege was made were turned over for the court's inspection. There would be no need for any oral testimony where the privileged nature is self-evident from the document. Again the government asserts in its brief that the items sought were only items generally disclosed to third parties which would require special testimony to establish the right to the privilege. While this may be what the government really wanted, it certainly asked for far more in the summons it issued. If, as the record before us indicates, the lawyer's entire file with regard to these clients was turned over to the court for inspection, we find it difficult to believe that only documents of the type referred to by the government were included therein. We simply do not have sufficient information as to the nature of the documents found privileged to determine if they were of the type the government asserts they were.

It should be noted that counsel for the government urged this procedure for determining the applicability of the asserted privileges despite some initial reservations by the district court. This court will not now agree that the district court could not find sufficient evidence of the privileged nature of these documents from inspection alone.

This court therefore feels that it cannot pass on the sufficiency of the claimed privileges at this time. There is no purpose to be served in deciding the difficult legal issue of this attorney's right to raise his clients' self-incrimination defense in these circumstances. We cannot be sure if this ground was relied on with regard to any or all of the documents. Furthermore, any decision of this issue would not solve the problem of possible application of the attorney-client privilege to the documents held protected.

■ We therefore remand to the district court for a redetermination of the privilege or privileges found applicable to each of the documents or class of documents in question. For purposes of review, a general description of each document or class held privileged should be set forth. This is especially important for reviewing the application of the attorney-client privilege. Here the documents are not part of the record and the only suggestions of their nature come from the arguments of counsel and the minimal reference in the order below. A sufficient description for review purposes would not have to be so detailed as to give privileged information. If the ground of privilege relied on by the district court was that against self-incrimination, the major question will be, as noted, Johnson's right to raise the de-

fense.   This is best left to be decided where there is no doubt that resolution of the issue is necessary.

Remanded for further proceedings not inconsistent with this opinion.

Remanded.