UNITED STATES of America and Elmer W. Holmes, Internal Revenue Agent, Internal Revenue Service, Plaintiffs-Appellees,

v.

L. Barbee PONDER, Jr., Defendant-Appellant.

No. 72-2773

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

March 15, 1973.

Rehearing Denied April 12, 1973.

---

* Rule 18, 5th Cir.; Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 431 F. 2d 409, Part I (5th Cir. 1970).

L. Barbee Ponder, Jr., pro se.

Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Atty., Tax Div., Dept. of Justice, Washington, D. C., Gerald J. Gallinghouse, U. S. Atty., New Orleans, La., Elmer W. Holmes, Agent, I. R. S., Baton Rouge, La., Mary Williams Cazalas, Joseph R. McMahon, Jr., Asst. U. S. Attys., New Orleans, La., for plaintiffs-appellees.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

PER CURIAM:

This is an appeal from an order of the District Court requiring taxpayer to comply with an Internal Revenue summons issued under the authority of 26 U.S.C.A. § 7602.[1] We affirm.

1. There was no abuse of discretion in the denial of taxpayer's motion for a change of venue. Although a District Court may, for the convenience of parties and witnesses, transfer the action to any other District where it might have been brought, 28 U.S.C.A. § 1404(a), a motion for a change of venue is addressed to the sound discretion of the Court, and the denial of the motion will not be overturned on appeal in the absence of an abuse of discretion. Metropolitan Life Ins. Co. v. Jones, 442 F.2d 1043 (5th Cir. 1971); Nowell v. Dick, 413 F.2d 1204 (5th Cir. 1969).

2. Relying on the fact that the return day specified in the summons

---

1. § 7602. Examination of books and witnesses

For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary or his delegate is authorized—

(1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry;

(2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary or his delegate may deem proper, to appear before the Secretary or his delegate at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and

(3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

Aug. 16, 1954, c. 736, 68A Stat. 901.

was a legal holiday, which date was later changed by means of a letter from the agent issuing the summons, taxpayer asserts that the summons was invalid. Under the circumstances of this case, the District Court committed no error in denying the motion to dismiss the summons. Taxpayer, a practicing lawyer, appeared on the date specified in the supplementary letter, yet he did not question at that time the validity of the summons. By failing to object, taxpayer waived the right to assert this defense.

■■■ 3. The attorney-client privilege is no defense to the summons. The privilege applies to communications between lawyer and client, and, to come within the scope of the privilege, an attorney must show that the communication was made to him confidentially, in his professional capacity, for the purpose of securing legal advice or assistance. *See e. g.,* Colton v. United States, 306 F.2d 633 (2d Cir. 1962), cert. denied, 371 U.S. 951, 83 S.Ct. 505, 9 L.Ed. 2d 499 (1963). The identity of a client is a matter not normally within the privilege, Frank v. Tomlinson, 351 F.2d 384 (5th Cir. 1965), cert. denied, 382 U. S. 1028, 86 S.Ct. 648, 15 L.Ed.2d 540 (1966), nor are matters involving the receipt of fees from a client usually privileged, *see* United States v. Finley, 434 F.2d 596 (5th Cir. 1970).

■■ The summons here at issue sought only financial records limited to cancelled checks, bank statements, duplicate deposit slips, and general ledger and cash receipts and disbursements journals, and taxpayer failed to carry his burden of proving that these records fell within the attorney-client privilege.

Bouschor v. United States, 316 F.2d 451 (8th Cir. 1963); *cf.* United States v. Johnson, 465 F.2d 793 (5th Cir. 1972).

■■ 4. Taxpayer's Fifth Amendment privilege against self-incrimination is not a defense to the summons. Although the summons seeks personal financial records, taxpayer made no showing that his claim of privilege was justified. As we stated in United States v. Roundtree, 420 F.2d 845 (5th Cir. 1969),

"[the witness'] remedy is not to voice a blanket refusal to produce his records or to testify. Instead, he must present himself with his records for questioning, and as to each question and each record elect to raise or not to raise the defense. The district court may then determine by reviewing . . . [the witness'] records and by considering each question whether, in each instance, the claim of self-incrimination is well founded."

420 F.2d at 852. *See also* United States v. Johnson, *supra.*

Instead of selectively invoking his Fifth Amendment privilege, taxpayer broadly claimed the privilege. He neither specified particular documents nor advanced any evidence indicating how production of the requested documents and records would incriminate him.

■■■ 5. Finally, the summons was not invalid because it sought copies, not original records. Taxpayer's contention that the order violates the "best evidence" rule is wholly meritless. The "best evidence" rule is a rule of admissibility and is limited to situations involving the proof of the contents of a writing. United States v. Duffy, 454 F.2d 809 (5th Cir. 1972).

Affirmed.