**In re GRAND JURY PROCEEDINGS David R. Damore.**

**Appeal of Robert TWIST, Sr., Intervenor-Appellant.**

**No. 82–5895.**

United States Court of Appeals, Eleventh Circuit.

Oct. 6, 1982.

P. D. Aiken, Fort Lauderdale, Fla., for Twist.

Michael L. Paup, Chief, Appellate Div., Glenn L. Archer, Jr., Asst. Atty. Gen., U. S. Dept. of Justice, Tax Div., Washington, D. C., for appellee.

Before TJOFLAT, KRAVITCH and JOHNSON, Circuit Judges.

BY THE COURT:

This case is submitted upon the motion of intervenor-appellant for a stay pending appeal.

On August 14, 1982, the United States District Court for the Southern District of Florida ordered enforcement of a grand jury subpoena issued to attorney David R. Damore which required him to produce documents including:

> Any and all entries and records, including but not limited to file memoranda, appointment books and calendars, which memorialize the date, place and time of meetings and/or communications between you and/or the firm which you represent, and Robert Twist, Sr. . . . .

■ Appellant-intervenor Twist, asserting that the requested records are protected by the attorney-client privilege, has filed a timely notice of appeal and has moved for a stay of the district court's order pending appeal.[1]

■ The attorney-client privilege is limited to confidential communications between the lawyer and the client made for the purpose of securing legal advice, not for the purpose of committing a crime or a tort. *In re Grand Jury Proceedings (United States v. Jones)*, 517 F.2d 666, 670 (5th Cir. 1975). The district court, relying on *In re Grand Jury Proceedings (Andrew C. Pavlick)*, 680 F.2d 1026, 1028–29 (5th Cir. Unit A, 1982) (en banc), apparently found that the privilege could not be asserted when the government made a prima facie showing that Damore was retained in order to promote intended or continuing criminal or fraudulent activity.[2] According to a government affidavit, the grand jury possessed information indicating that Robert Twist, Sr., had promised to pay and had in fact paid legal fees and bonds for individuals associated with Twist's alleged marijuana smuggling operations. This Court is not bound by *Pavlick*, a Unit A decision of the former Fifth Circuit handed down after September 30, 1981, *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33, 34 (11th Cir. 1982), but we approve its reasoning.

■■ The subpoena in question calls for records of dates, places or times of meetings and communications, not the content of those communications. Ordinarily, the attorney-client privilege applies only to the content of communications made for the purpose of securing legal advice. The identity of a client or matters involving the receipt of fees from a client are not normally within the privilege. *United States v. Ponder*, 475 F.2d 37, 39 (5th Cir. 1973). A narrow exception to this rule obtains when disclosure of the client's identity by his attorney would supply the last link in an existing chain of incriminating evidence

1. Although the general rule is that an order enforcing a subpoena is not appealable except from a contempt citation, the former Fifth Circuit has held that a client-intervenor may appeal such an order addressed to the client's attorney. *In re Grand Jury Proceedings (Jeffrey Fine)*, 641 F.2d 199, 203 (5th Cir. 1981). This Court is bound by that holding. *Bonner v.*

*City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

2. The *Pavlick* Court held that the crime or fraud exception to the attorney-client privilege applies even when the attorney is completely unaware that his advice is sought in furtherance of an improper purpose. 680 F.2d at 1028.

likely to lead to the client's indictment. *In re Grand Jury Proceedings (United States v. Jones), supra,* 517 F.2d at 671–75. But Mr. Twist has failed to show that the requested materials come within that exception.

For this Court to grant a stay pending appeal the petitioner must show: (1) a likelihood that he will prevail on the merits of the appeal; (2) irreparable injury to the petitioner unless the stay is granted; (3) no substantial harm to other interested persons; and (4) no harm to the public interest. *Pitcher v. Laird,* 415 F.2d 743, 744–45 (5th Cir. 1969). It does not appear to this Court that the district court's use of the crime or fraud exception was clearly erroneous, or that the requested materials are within the scope of the attorney-client privilege. Twist has failed to establish that there is a likelihood he will prevail on the merits and therefore his motion to stay is DENIED.