**In re GRAND JURY PROCEEDINGS IN the MATTER of Yale FREEMAN, Bruce Randall, Barry Halpern, Witnesses, and Michael Wisotsky and Myron Wisotsky, Intervenors-Appellants.**

**In re GRAND JURY PROCEEDINGS IN the MATTER of Yale FREEMAN, Barry Halpern, Witnesses, Bruce Randall, Witness-Appellant, Michael Wisotsky and Myron Wisotsky, Intervenors.**

Nos. 82–6108, 82–6123
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

July 5, 1983.

---

Gillespie, McCormick, McFall, Gilbert & McGee, C. Edward McGee, Jr., Fort Lauderdale, Fla., Brown, Weston & Sarno, John H. Weston, Beverly Hills, Cal., for Randall.

Rosen & Rosen, Michael J. Rosen, Miami, Fla., for Wisotsky.

Marcella Cohen, Miami Strike Force, U.S. Dept. of Justice, Miami, Fla., for appellee.

Before RONEY, VANCE and ANDERSON, Circuit Judges.

PER CURIAM:

The district court held Bruce Randall, an attorney, in contempt for violating an order compelling his testimony before a grand jury. Randall refused to answer questions regarding the identities and fee arrangements of certain clients. He moved for a stay pending his appeal of the contempt citation on the ground that his testimony was protected by the attorney-client privilege [No. 82–6123]. Michael and Myron Wisotsky also appeal the compulsion and contempt orders, as well as the district court's denial of their motions to intervene in both the proceedings which followed the compulsion order and the contempt proceedings [No. 82–6108]. The appeals were consolidated.

After temporarily staying the contempt order as to Randall, this Court then vacated the stay and modified the district court's contempt order to give Randall an opportunity to purge his contempt by testifying before the grand jury. An opinion of this Court was to follow. Even though the government has notified us that Randall has testified and therefore purged himself, we are publishing this opinion for two reasons. First, an opinion is appropriate to delineate our action in vacating the stay inasmuch as the chances of success on appeal were of paramount concern to the Court.

Second, situations such as this are likely to occur again. *See Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 348, 46 L.Ed.2d 350 (1975); *Matter of Special April 1977 Grand Jury,* 581 F.2d 589, 591 (7th Cir.1978). The contempt citation was proper. Although the district court erroneously denied the motions to intervene, we hold the error was harmless.

Michael and Myron Wisotsky are targets of a grand jury investigation into alleged criminal activities including racketeering conspiracy, mail fraud, bribery, obstruction of justice and criminal investigations and tax evasion. The Government first subpoenaed attorneys Randall, Barry Halpern, and Yale Freeman to testify before a grand jury empaneled in Miami about the representation of witnesses appearing before that grand jury, including the Wisotskys. Randall and the others asserted the attorney-client privilege. A superseding grand jury in Fort Lauderdale continued the investigation. The Government again subpoenaed all three attorneys. Because the Government intended to pursue the same line of questioning as to which of the three attorneys previously asserted the attorney-client privilege, it filed a motion to compel their testimony. It subsequently filed an *ex parte in camera* supplemental motion to compel the detailing of alleged efforts by the Wisotskys to thwart the grand jury investigation by telling witnesses to lie before the grand jury and by providing them with lawyers who instructed them to assert the privilege against self-incrimination. At the Government's request the district court ordered this motion and accompanying documents to be sealed.

The district court granted the motion to compel on November 4, 1982. It found that targets of the grand jury investigation had furnished the services of the three attorneys to the grand jury witnesses and that an attorney-client relationship existed with respect to the witnesses but not with respect to the individuals who allegedly furnished the services. The court held that the identity and fee arrangement of each client was not privileged unless it could be shown

that such matters would implicate the client in the very criminal activity for which legal advice was sought. The court ordered all three to testify to matters outside the scope of the privilege, including communications between the attorney and those furnishing the legal representation for the client-witness, and ordered each attorney to testify as to the identity of his client and the fee arrangement with such client.

The Wisotskys moved to intervene, stay the grand jury proceedings, and quash the subpoenas, asserting that they were targets of the investigation and had an attorney-client relationship with each attorney as to the matters under investigation. They also moved the court to reconsider its November 4 order. The district court on November 10 denied both motions. The Wisotskys appealed both the November 4 order compelling testimony and the November 10 orders denying reconsideration and intervention. They unsuccessfully sought a stay of the compulsion order from this Court.

Randall then appeared before the grand jury and asserted the attorney-client privilege in response to questions about whether the Wisotskys had retained him to represent other grand jury witnesses, the fee arrangement, the names of the witnesses, any conversations with or instructions from the Wisotskys about the manner in which he should represent the witnesses, including advice to invoke the privilege against self-incrimination before grand juries investigating the Wisotskys. The Government then moved for civil contempt sanctions against Randall under the Recalcitrant Witness Statute. 28 U.S.C.A. § 1826.[1] Thus far, all proceedings had occurred before District Judge Paine, who was assigned to handle grand jury matters for the month pursuant to the Southern District of Florida's duty calendar. District Judge Roettger, who was assigned to handle grand jury matters the month following Judge Paine, presided at the contempt proceedings.

The Wisotskys moved to intervene in the contempt proceedings. The district court on November 19 declined to hear the matter on the grounds that the motion had already been denied and the appeal of that denial was pending before this Court. Moving to the contempt phase of the proceedings, the district court rejected Randall's argument that the compulsion order was vague and determined that Randall had asserted the privilege as to the very matters about which the court had ordered him to testify. The court held Randall in civil contempt and denied a motion to stay execution of sentence pending appeal.

Randall and the Wisotskys appealed from the contempt order and sought an emergency stay, which this Court temporarily granted. The Wisotskys also moved to intervene before this Court on Randall's behalf and filed a separate notice of appeal from the November 19 denial of their motion to intervene. This Court subsequently vacated the stay, giving Randall an opportunity to purge his contempt by testifying.

■ Under the law of this Circuit, the district court erred in denying the successive motions to intervene. The Wisotskys

---

1. The Recalcitrant Witness Statute provides:
 (a) Whenever a witness in any proceeding before or ancillary to any court or grand jury of the United States refuses without just cause shown to comply with an order of the court to testify or provide other information, including any book, paper, documents, record, recording or other material, the court, upon such refusal, or when such refusal is duly brought to its attention, may summarily order his confinement at a suitable place until such time as the witness is willing to give such testimony or provide such information. No period of such confinement shall exceed the life of—
 (1) the court proceedings, or

 (2) the term of the grand jury, including extensions, before which such refusal to comply with the court order occurred, but in no event shall such confinement exceed eighteen months.
 (b) No person confined pursuant to subsection (a) of this section shall be admitted to bail pending the determination of an appeal taken by him from the order for his confinement if it appears that the appeal is frivolous or taken for delay. Any appeal from an order of confinement under this section shall be disposed of as soon as practicable, but not later than thirty days from the filing of such appeal.
 28 U.S.C.A. § 1826.

should have been allowed to intervene once the claim of attorney-client privilege between the three attorneys, as grand jury witnesses, and the Wisotskys surfaced. *In re Grand Jury Proceedings (Jeffery Fine)*, 641 F.2d 199, 201–03 (5th Cir.1981).[2] Judge Paine's previous denial of the motion to intervene did not justify refusing the putative clients' intervention in the contempt proceedings, clearly a new phase of the entire matter. If the client-intervenor may appeal an order compelling testimony from the client's attorney, *see id.* at 202–03, it naturally follows the district court should allow intervention in the first instance in proceedings pursuant to a motion to compel or as soon as the privilege issue is raised.

We have considered the Wisotskys' claim, however, as if the district court had allowed them to intervene. We therefore hold they have not been prejudiced by the denial and that the error was harmless.

As to the subpoena of the attorneys with whom the Wisotskys have an attorney-client relationship, appellants urge this Court to adopt the holding of the Fourth Circuit case, *In re Special Grand Jury No. 81–1 (Harvey)*, 676 F.2d 1005, 1010–11 (4th Cir.1982), that when an attorney subpoenaed by a grand jury is in an ongoing attorney-client relationship with a grand jury target, the Government must make a preliminary showing by affidavit of relevance and need before the attorney can be required to appear. We have previously rejected the imposition of any such limitation on a grand jury's subpoena power. *See In re Grand Jury Proceedings (United States v. Bank of Nova Scotia)*, 691 F.2d 1384, 1387–88 (11th Cir.1982) (turning aside a similar argument based on the Third Circuit's holdings in *In re Grand Jury Proceedings*, 486 F.2d 85 (3rd Cir.1973) (*Schofield I*), and 507 F.2d 963 (3rd Cir.) (*Schofield II*), cert. denied, 421 U.S. 1015, 95 S.Ct. 2424, 44 L.Ed.2d 685 (1975)); *In re Grand Jury Investigation (United States v. McLean)*, 565 F.2d 318, 320 (5th Cir.1977) (same).

We note that the panel decision in *Harvey*, which relied on *Schofield I and II*, has no present vitality even in the Fourth Circuit. After granting the Government's petition for rehearing *en banc*, which had the effect of vacating the panel opinion, and hearing oral argument, the Fourth Circuit dismissed Harvey's appeal due to his fugitive status.

■ All that is required, after the attorney-witness or the client-intervenor pleads the existence of an attorney-client privilege, is a reasonable opportunity to be heard and prompt appellate review if the court orders the attorney to testify. The Government filed its motion to compel on October 22, 1982, and served Randall by mail the same day. The Government informed him by letter on October 26 that the subpoena to appear before the grand jury had been continued until November 4. The record discloses that Randall did not file a response or request a hearing on the motion to compel prior to the court's entry of the compulsion order on November 4, nor did he seek relief from the subpoena. Randall thus was afforded a reasonable opportunity to be heard.

■ Turning to the substance of the privilege claim, our cases have consistently held that information regarding a fee arrangement and the identity of the person paying the fee falls outside the protection of the attorney-client privilege. *In re Grand Jury Proceedings (Robert Twist, Sr.)*, 689 F.2d 1351, 1352 (11th Cir.1982); *In re Grand Jury Proceedings (United States v. Jones)*, 517 F.2d 666, 671 (5th Cir.1975); *United States v. Ponder*, 475 F.2d 37, 39 (5th Cir.1973). The party invoking the privilege has the burden of establishing the existence of the attorney-client relationship and the confidential nature of the communication. *United States v. Kelly*, 569 F.2d 928, 938 (5th Cir.), cert. denied, 439 U.S. 829, 99 S.Ct. 105, 58 L.Ed.2d 123 (1978); *Ponder*, 475 F.2d at 39. Even if the Wisotskys, as the fee payors for others, sought

---

2. This decision is binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

personal legal advice from Randall and became his clients with respect to the matters about which they sought counsel, they were not Randall's clients in the matter for which the fee was paid and about which Randall was interrogated. In that matter Randall's clients were the witnesses he represented before the grand jury. There is neither any contention nor the slightest evidence the Wisotskys retained Randall to represent them jointly with these witnesses. There was, therefore, no attorney-client relationship between the Wisotskys and Randall as to the matter about which Randall was questioned. *See In re Grand Jury Proceedings (Andrew C. Pavlick),* 680 F.2d 1026, 1029 (5th Cir., Unit A 1982) (en banc) (Rubin, J., concurring), *cited with approval in Twist,* 689 F.2d at 1352.

■ The appellants contend the district court improperly considered the Government's *in camera* supplemental motion to compel and accompanying memorandum, while refusing them or their attorneys access to the material. It is settled, however, that the cautious use of *in camera* proceedings is appropriate to resolve disputed issues of privilege. *See, e.g., Kerr v. United States District Court,* 426 U.S. 394, 405–06, 96 S.Ct. 2119, 2125, 48 L.Ed.2d 725 (1976); *United States v. Nixon,* 418 U.S. 683, 706, 714–15, 94 S.Ct. 3090, 3106, 3110–3111, 41 L.Ed.2d 1039 (1974). The need to preserve the secrecy of an ongoing grand jury investigation is of paramount importance. *United States v. Procter & Gamble Co.,* 356 U.S. 677, 681, 78 S.Ct. 983, 985, 2 L.Ed.2d 1077 (1978); *cf. Matter of Special February, 1977 Grand Jury (Alfred Pavone),* 570 F.2d 674, 679 (7th Cir.) (district judge appropriately conducted *in camera* review of supporting documents in contempt proceedings as part of responsibilities under wiretap statute and his judicial supervision of grand jury process), *cert. denied,* 437 U.S. 904, 98 S.Ct. 3089, 57 L.Ed.2d 1133 (1978).

The motion of the National Association of Criminal Defense Lawyers, Inc. to file an *amicus curiae* brief is GRANTED. The contempt citation is

AFFIRMED.