UNITED STATES of America and Frank M. Odom, Special Agent Internal Revenue Service, Plaintiffs-Appellees,

v.

Mitchell ARONSON, Defendant-Appellant.

No. 85–5549

Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Feb. 14, 1986.

---

Joel Hirschhorn, P.A., Miami, Fla., for defendant-appellant.

Elizabeth Stein, Asst. U.S. Atty., Miami, Fla., Glenn L. Archer, Jr., Michael L. Paup, Chief, Appellate Sect., Charles E. Brookhart, Nancy G. Morgan, Tax Div., Dept. of Justice, Washington, D.C., for plaintiffs-appellees.

Before GODBOLD, Chief Judge, HILL and ANDERSON, Circuit Judges.

PER CURIAM:

Aronson argues on appeal that the district court erroneously concluded that the attorney-client privilege did not protect certain documents regarding the disposition of

real estate and other property. We reject Aronson's argument. The district court correctly held that such documents—which by their very nature contemplate disclosure to third parties and Aronson having failed to carry his burden of proving otherwise— are not within the scope of the attorney-client privilege, 610 F.Supp. 217 (S.D. Fla.1985). *United States v. McDonald,* 313 F.2d 832, 835 (2d Cir.1963). *See also United States v. Pipkins,* 528 F.2d 559, 563 (5th Cir.) (attorney-client privilege inapplicable to "information that the client intends his attorney to impart to others"), *cert. denied,* 426 U.S. 952, 96 S.Ct. 3177, 49 L.Ed.2d 1191 (1976).[1]

Aronson's other arguments on appeal have no merit and warrant no discussion. The district court properly applied the law, and its findings of fact are not clearly erroneous.

AFFIRMED.

1. In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), this court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Id.* at 1209.