UNITED STATES of America and Dennis H. Donnell, Special Agent, Internal Revenue Service, Petitioners,

v.

GOODMAN, DUNBERG & HOCHMAN, P.A., Respondents.

In the Matter of the Canadian Tax Liability of Mario COTRONEO; James Cotroneo; George Cotroneo and Scott Hendin.

No. 86–1988–CIV.

United States District Court, S.D. Florida, Miami Division.

May 27, 1987.

Report and Recommendation March 31, 1987.

("IRS") Summons. The Petition seeks enforcement of an IRS Summons issued to Respondent law firm Goodman, Dunberg & Hochman, P.A., for failure to give certain testimony and to produce certain documents regarding an investigation by the Canadian government's Department of National Revenue into the tax liabilities of four individuals, Mario Cotroneo, James Cotroneo, George Cotroneo, and Scott Hendin.

The procedural history, findings of fact and conclusions of law contained in the Report and Recommendation of United States Magistrate William C. Turnoff are approved and adopted, and hereby incorporated by reference. On that basis, it is hereby

ORDERED AND ADJUDGED that the Petition to Enforce Internal Revenue Service Summons is GRANTED. It is FURTHER ORDERED that Respondents Goodman, Dunberg & Hochman, P.A. are DIRECTED to obey the summons issued to them in each and every requirement; to appear before Special Agent Donnell or any other proper officer of the IRS at such time and place as may hereafter be fixed by Special Agent Donnell or any other proper officer of the IRS; to produce for examination and copying the information, books, papers, files, records and other data described in the summons; and to give testimony as demanded in the summons.

Marc Fagelson, Asst. U.S. Atty., Miami, Fla., and Alvarez L. LeCesne, Jr., Trial Atty., Tax Div., Washington, D.C., for the Government.

Joel Hirschhorn, Miami, Fla., for Cotroneo.

Alan Hochman, Miami, Fla., for Goodman, Dunberg & Hochman.

## MEMORANDUM OPINION AND ORDER GRANTING PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONS

SPELLMAN, District Judge.

This Cause is before the Court upon a Petition to Enforce Internal Revenue

## REPORT AND RECOMMENDATION

WILLIAM C. TURNOFF, United States Magistrate.

This Cause is before the undersigned on a Petition to Enforce Internal Revenue Summons. The Petition seeks enforcement of an IRS Summons issued to Respondent law firm Goodman, Dunberg & Hochman, P.A., for failure to give certain testimony and to produce certain documents regarding an investigation by the Canadian government's Department of National Revenue into the tax liabilities of four individuals, Mario Catroneo, James Cotroneo, George Cotroneo, and Scott Hendin.

This Court issued an Order to Show Cause on October 28, 1986. Mario Cotroneo filed a Motion to Intervene on November 7, 1986. This Motion was granted on November 24, 1986. The intervenor thereafter filed a response to the petition seeking to bar enforcement of the summons on the basis of attorney-client privilege. Petitioners next filed a Memorandum in Support of the Petition. On December 15, 1986, the undersigned conducted an evidentiary hearing. Both sides were then given an opportunity to file supplemental memoranda of law. Respondent filed their memorandum of law on January 15, 1987, and petitioner filed its supplemental and last memorandum of law on January 26, 1987. The Court has carefully examined the respective memoranda of law, the authorities cited therein, the entire court file, as well as the transcript of the conference between Allan Hochman, Esquire, and Special Agent Donnell, dated December 13, 1983.

■ To obtain enforcement of a summons, the IRS must demonstrate: 1) that the investigation will be conducted pursuant to a legitimate purpose, 2) that the inquiry will be relevant to that purpose, 3) that the information sought is not already in the IRS' possession, and 4) that it has taken the administrative steps necessary to the issuance of a summons. *United States v. Powell*, 379 U.S. 48, 57–59, 85 S.Ct. 248, 254–256, 13 L.Ed.2d 112 (1964). In the instant case, the United States has satisfied this burden through the sworn affidavit of David H. Donnell, the Special Agent who issued the summons. *Matter of Newton*, 718 F.2d 1015, 1019 (11th Cir.1983), *cert. den.*, 466 U.S. 904, 104 S.Ct. 1678, 80 L.Ed.2d 153 (1984).

Respondent argues that disclosure of its client's identity would provide the government with the "last link" in a chain of incriminating evidence. They therefore argue that compliance is barred by the last link doctrine exception of the attorney-client privilege. Additionally, respondent argues that the mere disclosure by a client to his attorney of the client's identity in the context of representation of that client's interest in an off-shore corporation is, in and of itself, a confidential communication. In other words, respondent argues that the client's identity is a communication between client and attorney made for the purpose of securing legal advice. These claims are without merit.

■ The party invoking the attorney-client privilege has the burden of establishing it applicability. *United States v. Ponder*, 475 F.2d 37, 39 (5th Cir.1973); *United States v. Davis*, 636 F.2d 1028 (5th Cir. 1981). In the instant case, respondent has offered only legal argument of counsel and conclusory statements in an affidavit filed with the post-hearing memorandum of law.

■ There is insufficient evidence from which this Court could conclude that disclosure of the identity of the respondent's client would be the last link to the institution of criminal charges. See, *In re: Grand Jury Proceedings* (Robert Twist, Sr.), 689 F.2d 1351 (11th Cir.1982); *United States v. Aronson*, 610 F.Supp. 217 (S.D. Fla.1985), affirmed 781 F.2d 1580 (11th Cir. 1986); *United States v. Dennis Sheppard and Marvin & Shepard*, Case No. 86–1987–CIV–SCOTT (S.D.Fla., 12–17–86). Moreover, respondent's claim that the mere disclosure of his client's identity constitutes a confidential communication, is unsupported by the controlling case law. Both the Eleventh and Fifth Circuits have held that the identity of a client is not information which would normally fall within the scope of the attorney-client privilege. *In re: Grand Jury Proceedings* (Robert Twist, Sr.), *supra;* *United States v. Ponder, supra;* *Frank v. Tomlinson*, 351 F.2d 384 (5th Cir.1965), cert. den. 382 U.S. 1028, 86 S.Ct. 648, 15 L.Ed.2d 540 (1966). The attorney-client privilege ordinarily applies only to the content of communications made for the purpose of securing legal advice. The identity of a client or matters involving the receipt of fees from a client are not normally within the privilege. *United States v. Ponder, supra.* See also, *Colton v. United States,* 306 F.2d 633, 637 (2nd Cir.1962).

In sum, the identity of a client is not a legal communication which is protected from disclosure by the attorney-client privi-

lege. Moreover, respondent herein has failed to meet his burden to establish that the last link doctrine is applicable in this case. It is therefore the RECOMMENDATION of the undersigned that the Court should issue an Order directing the respondent to give the testimony and produce the documents as demanded in the within Summons.