Alton J. BAILEY, Leroy Smith, and the General Longshore Workers International Longshoremen's Association, Local Union No. 1830, Port Allen, Louisiana

v.

George DIXON, Thomas W. Gleason, Ralph Massey, Mark L. Young and the International Longshoremen's Association.

Civ. A. No. 69–109.

United States District Court,
E. D. Louisiana,
Baton Rouge Division.

June 30, 1970.

Joseph A. Gladney, Johnnie A. Jones, Baton Rouge, La., for plaintiffs.

Julius Miller, New York City, for International Longshoremen's Assn.

Joseph W. Cole, Jr., Port Allen, La., for defendants, Dixon, Gleason, Massey, and Young.

WEST, Chief Judge:

This case involves a long-standing dispute between two warring factions of the General Longshore Workers International Longshoremen's Association, Local Union No. 1830, of Port Allen, Louisiana. One faction is apparently led by one Harvey Netter who had served as president of the local from its inception in 1955 until he was defeated for that office by plaintiff, Alton J. Bailey, in February of 1969. Since that election this matter has been before this Court on several occasions while each side to the dispute accused the other of misdeeds and wrongdoings. As a result of one hearing before this Court, it was ordered that an election of officers previously held be set aside and a new election held in strict accordance with the constitution and bylaws of the union. This was done. As a result of a later hearing, this Court issued a preliminary injunction enjoining the International, its officers, employees and others acting in concert with them, from in any way interfering with the duly elected officers in the performance of their duties. After that, a complaint was filed by certain members of the union seeking to place the local in trusteeship, under the provisions of 29 U.S.C.A. § 461 et seq. Certain charges of malfeasance in office were made against Alton J. Bailey, president, as a basis for the request that a trusteeship be imposed upon Local 1830. This trusteeship was opposed by the plaintiffs on various grounds, including failure to give proper notice to the plaintiffs of the charges preferred by those

seeking the trusteeship and failure of the International to hold a fair hearing prior to the imposition of the trusteeship on the local union. This matter was heard by this Court and as a result of this hearing, the Court ordered strict compliance with the provision of the Labor-Management Reporting and Disclosure Act, 29 U.S.C.A. § 461 et seq., and the provisions of the constitution and bylaws of both the International and local unions. The Court ordered that a fair hearing be held by the Executive Council of the International Union or by a committee to be established by the Executive Council before a trusteeship could be imposed on the local union. Pursuant to this order, a hearing was held by that committee appointed by the Executive Council at which over five hundred pages of testimony was taken. Following the hearing, the Trial Committee rendered its report to the Executive Council of the International, as provided for by the constitution of the International Longshoremen's Association, and at a meeting of the Executive Council held on October 1, 1969, by unanimous vote, Local 1830 was placed in trusteeship. It has been operating under this trusteeship since that time.

And since that time, plaintiffs have persisted in their efforts to have this trusteeship set aside and the management of the union returned to the plaintiff, Alton J. Bailey, and the others whom plaintiffs claim are the duly elected officers of Local 1830.

The latest round in this battle is concerned with a motion filed in this Court by plaintiffs seeking a preliminary injunction enjoining the trustees from operating Local 1830 and a motion for summary judgment in favor of the plaintiffs, returning the operation and control of the local union to the plaintiffs. These motions were heard by this Court on December 17, 1969, and since that time both sides have filed proposed findings of fact and conclusions of law together with lengthy briefs in support of their respective positions.

After due consideration of all of the testimony taken by the Trial Committee in connection with the trusteeship imposed on Local 1830, and after considering the briefs of both counsel, and the testimony adduced at the hearing held before this Court, it is concluded that plaintiffs' motion for summary judgment and for the issuance of a preliminary and/or permanent injunction must be denied.

There is no doubt but that the troubles in which this local union finds itself embroiled result from the unfortunate fact that there are two incompatible factions within the union. But be that as it may, a complaint was duly filed in accordance with the provisions of the Labor-Management Reporting and Disclosure Act, 29 U.S.C.A. § 464, and a hearing has been held before a Trial Committee as required by the constitution of the International Longshoremen's Association. That Committee did hold a lengthy hearing and did make its report to the Executive Committee as required by the union's constitution. The report of the Trial Committee to the Executive Committee was to the effect that a trusteeship should be imposed upon Local 1830 for reasons which, in their opinion, were included under the provisions of Title 29 U.S.C.A. § 462. While this Court might not agree with all of the conclusions reached by the Trial Committee, and while it may or may not have reached the same conclusions as did the Executive Committee, nevertheless, a review of the lengthy transcript of the hearings held by the Trial Committee indicate to this Court that the trusteeship imposed by the International Longshoremen's Association was imposed in good faith and in accordance with the requirements of the constitution of the International Longshoremen's Association and the Labor-Management Reporting and Disclosure Act, and therefore presumed to be a valid trusteeship for a period of eighteen months. 29 U.S.C.A. § 464(c). The plaintiffs have failed, in the opinion of this Court, to meet the burden of demonstrating by

pure and convincing proof that the trusteeship was not established in good faith, and therefore it must be presumed to be a valid trusteeship for a period of eighteen months. It is not the function of this Court to substitute its judgment for that of the Trial Committee. As long as there is substantial evidence upon which to base the judgment of the Trial Committee, this Court does not have the right to set their finding aside. This Court does find, as a fact, that there is substantial testimony upon which to base the Trial Committee's conclusion that a trusteeship should be imposed upon Local 1830, and for this reason, the trusteeship should not be disturbed by this Court for a period of eighteen months following its inception.

It is, of course, the opinion of this Court, that the operation of Local 1830 should be returned to duly elected officers at the earliest possible time, and simply because the law presumes a trusteeship to be valid for a period of eighteen months does not necessarily mean that it is always necessary to continue the trusteeship for that period of time. There have been evidences in this case that both sides might agree to and would actually prefer to hold a new election of officers under the supervision of the Secretary of Labor or his designee. It is the opinion of this Court that such a course would be most beneficial to both the International Association and to Local 1830 and such a procedure is highly recommended. But since this Court has concluded, after a thorough review of the record, that the decision and recommendation of the Trial Committee and the Executive Council were not without substantial evidence in support thereof, the trusteeship under which Local 1830 is presently operating is a valid trusteeship and thus the motions of the plaintiffs for a preliminary and/or permanent injunction and for summary judgment will be denied, and this suit will be dismissed on the merits. Judgment will be rendered accordingly.