**Alton J. BAILEY et al., Plaintiffs-Appellants,**

v.

**George DIXON et al., Defendants-Appellees.**

**No. 30746.**

United States Court of Appeals, Fifth Circuit.

Nov. 18, 1971.

Rehearing Denied Dec. 20, 1971.

Joseph A. Gladney, Johnnie A. Jones, Baton Rouge, La., for plaintiffs-appellants.

Julius Miller, New York City, Joseph W. Cole, Jr., Port Allen, La., for defendants-appellees.

Before O'SULLIVAN,* THORNBERRY and DYER, Circuit Judges.

PER CURIAM:

Appellants, Local Union 1830, its President, Alton J. Bailey, and Leroy Smith, its Vice-president, appeal from denial of their motion for a preliminary injunction in the United States District Court for the Eastern District of Louisiana, and from denial of their motion for summary judgment whereby to set aside a trusteeship for appellant, Local Union 1830, by the International Longshoremen's Association. The District Judge also dismissed appellants' complaint. The action was commenced pursuant to Section 304 of the Labor Management and Disclosure Act, seeking the dissolution of the trusteeship placed on the local by the international. The imposition of the trusteeship by the International Longshoremen's Association (ILA) pre-

---

* Senior Circuit Judge, Sixth Circuit, sitting by designation.

cipitated the removal of Bailey and Smith from their positions as union officers, as well as the vesting of control of the local in the hands of the international. The action taken by the ILA which ordered the local to be placed in trusteeship, occurred after charges of alleged misconduct on the part of Bailey were filed by members of the local. In accordance with the constitution and by-laws of the union, a full hearing was afforded Bailey and the Trial Committee found that there was substantial evidence to support the charges against him and that the imposition of the trusteeship over the local was proper and in good faith.

Under 29 U.S.C. § 464(c), establishment of the trusteeship carried with it a presumption of its validity for a period of 18 months. To rebut this presumption, it had to be shown by clear and convincing evidence that the imposition of the trusteeship was not in good faith or that the purpose is not allowable under 29 U.S.C. § 462. At trial in the District Court appellants renewed their attacks on members of the local as well as the officers of the international as acting in concert to invalidly maintain control of the local in hands of a former president who had been defeated by Bailey. The District Judge found the dispute to be primarily between "two incompatible factions within the union." Bailey v. Dixon, 314 F.Supp. 452, 453 (E.D.La.1970). It was also the finding of the trial court that,

> "[A] hearing has been held before a Trial Committee as required by the constitution of the International Longshoremen's Association. That Committee did hold a lengthy hearing and did make its report to the Executive Committee as required by the union's constitution. The report of the Trial Committee to the Executive Committee was to the effect that a trusteeship should be imposed upon Local 1830 for reasons which, in their opinion, were included under the provisions of Title 29 U.S.C.A. § 462.

While this Court might not agree with all of the conclusions reached by the Trial Committee, and while it may or may not have reached the same conclusions as did the Executive Committee, nevertheless, a review of the lengthy transcript of the hearings held by the Trial Committee indicate to this Court that the trusteeship imposed by the International Longshoremen's Association was imposed in good faith and in accordance with the requirements of the constitution of the International Longshoremen's Association and the Labor-Management Reporting and Disclosure Act, and therefore presumed to be a valid trusteeship for a period of eighteen months." 314 F.Supp. at 453.

Commenting on the evidence and the result reached by the Trial Committee, the District Judge said:

> "It is not the function of this Court to substitute its judgment for that of the Trial Committee. As long as there is substantial evidence upon which to base the judgment of the Trial Committee, this Court does not have the right to set their finding aside. This Court does find, as a fact, that there is substantial testimony upon which to base the Trial Committee's conclusion * * *." 314 F.Supp. at 454.

We have reviewed the record and find that the Trial Committee's result is supported by substantial evidence and that the District Judge acted correctly when he ordered that,

> "[T]he motions of the plaintiffs for a preliminary and/or permanent injunction and for summary judgment will be denied, and this suit will be dismissed on the merits." 314 F.Supp. at 454.

We are provided with precedential support by this Court's opinion in Atlanta Fed. & City Serv. Emp. L. U. 554, etc. v. Service Emp. I. U., 441 F.2d 1115 (5th Cir. 1971).

Judgment affirmed.