CASCADE LOCAL LODGE NO. 297, et al., Plaintiffs-Appellants,

v.

INTERNATIONAL ASSOCIATION OF MACHINISTS, et al., Respondents.

v.

Steven B. FRANK and Jon Howard Rosen, Third-Party Defendants and Third-Party Plaintiffs,

v.

INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, Third-Party Defendants.

No. 81–3441.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 8, 1982.

Decided July 13, 1982.

Steven B. Frank, Frank & Rosen, Seattle, Wash., for plaintiffs-appellants.

Appeal from the United States District Court for the District of Washington.

Before KILKENNY, WRIGHT and CANBY, Circuit Judges.

PER CURIAM:

This case arises as a result of a trusteeship imposed upon appellant, Cascade Local Lodge No. 297 (the Local), by the International Association of Machinists (the International) with whom it is affiliated. The Local appeals from a preliminary injunction requiring it to hand over to the International all the records and property of the Local. The injunction also ordered the Local's attorneys, named as third-party defendants, to turn over to the International all of the

Local's property and records held by the attorneys.

■ We must affirm the district court's grant or denial of a preliminary injunction unless the district court has abused its discretion. *Benda v. Grand Lodge of International Association*, 584 F.2d 308, 314 (9th Cir. 1978), *cert. dismissed*, 441 U.S. 937, 99 S.Ct. 2065, 60 L.Ed.2d 667 (1979). We find no abuse of discretion in this case and therefore affirm the orders of the district court.[1]

■ With regard to trusteeships, the Labor Management Reporting and Disclosure Act, 29 U.S.C. § 464(c), provides as follows:

In any proceeding pursuant to this section a trusteeship established by a labor organization in conformity with the procedural requirements of its constitution and bylaws and authorized or ratified after a fair hearing either before the executive board or before such other body as may be provided in accordance with its constitution or bylaws *shall be presumed valid* for a period of eighteen months from the date of its establishment and shall not be subject to attack during such period except upon clear and convincing proof that the trusteeship was not established or maintained in good faith for a purpose allowable under section 462 of this title.... (Emphasis added).

There is ample support for the findings of the district court that the necessary procedural requirements were followed by the International in imposing the trusteeship. The district court's conclusion that the trusteeship was valid was therefore in accordance with the statutory presumption.

There was also adequate support for the ruling of the district court that the trusteeship was imposed in good faith for a purpose allowable under 29 U.S.C. § 462, which permits the imposition of a trusteeship for "assuring the performance of collective bargaining agreements or other duties of a bargaining representative." The Local contends that the district court erred in finding that the district organization sanctioned by the International, rather than the Local itself, was the collective bargaining representative of the members of the Local. The record is clear, however, that the district organization had engaged in collective bargaining for the membership of the Local since 1974.[2] The district court therefore did not err in its conclusion that disregard of the trusteeship by officers of the Local would disrupt the performance of collective bargaining by the district organization.

The findings of the district court, which are not clearly erroneous, *see* Fed.R.Civ.P. 52(a), support the conclusion that the actions of the Local were antagonistic to the lawfully created trusteeship. Under these circumstances the balance of hardships clearly tipped in favor of the International and justified the issuance of a preliminary injunction. *See Benda v. Grand Lodge of International Association*, 584 F.2d at 315.

AFFIRMED.

---

1. The Local also appeals from orders denying its motion to dissolve the preliminary injunction and refusing to note a motion by the Local for a preliminary injunction against the trusteeship. These orders of the district court are governed by the same considerations that control the validity of the preliminary injunction. We therefore affirm them as well.

2. We reject the contention of the Local that the transfer of collective bargaining responsibilities to the district organization, which was effected by the elected officers of the Local in 1974 and continued thereafter, was coercive within the meaning of *Dycus v. NLRB*, 615 F.2d 820, 826 (9th Cir. 1980). Instead, the record permits a conclusion that the transfer of representation reflected a "legitimate union interest." *Id.*