**INTERNATIONAL BROTHERHOOD OF BOILERMAKERS, et al., Plaintiffs,**

v.

**LOCAL LODGE D461, et al., Defendants.**

Civ. A. No. 87–95–2–MAC (WDO).

United States District Court,
M.D. Georgia,
Macon Division.

Aug. 27, 1987.

Denmark Groover, Jr., Macon, Ga., Robert H. Stropp, Jr., Birmingham, Ala., J.R. Goldthwaite, Jr., Atlanta, Ga., for plaintiffs.

William Wallen, Philadelphia, Pa., Thomas J. Jarriel, Macon, Ga., for defendants.

## ORDER

OWENS, Chief Judge.

On July 6, 1987, this court issued a preliminary injunction ordering defendant Local Lodge D461 ("Local D461") to desist from interfering with the trusteeship validly imposed upon it by plaintiff International Brotherhood of Boilermakers ("Boilermakers"), 663 F.Supp. 1031. In furtherance of the trusteeship, the court ordered Local D461 to turn over to the trustee certain funds, books, assets and properties. The court retained in its registry $41,667.00 that defendant had submitted after an evidentiary hearing, and the court instructed intervenor Independent Workers of North America ("IWNA") to remit to the registry $42,000.00 representing per capita tax diverted to IWNA from defendant during the months of November, 1986, to April, 1987. Defendant Local D461 and intervenor IWNA move this court to stay that order pending appeal. Plaintiff asks this court to cite opposing parties for contempt for their failure to comply with the July 6, 1987, order.

The relevant facts and conclusions of law are contained in the previous order and will not be recited herein. Suffice it to say that this court found plaintiff Boilermakers' constitution binding upon defendant Local D461, that such constitution and the relevant statutes enabled plaintiff to validly impose a trusteeship upon defendant, that the trusteeship was imposed both in a procedurally proper manner and upon a sound substantive basis, and that defendant failed to establish bad faith on the part of plaintiff in plaintiff's imposition of the trusteeship. The court also considered the requirements of a preliminary injunction and found that plaintiff established the following: (1) plaintiff will likely succeed on the merits; (2) plaintiff will suffer irreparable injury in the absence of an injunction; (3) plaintiff's threatened injury outweighs whatever damage the proposed injunction may cause defendant Local D461 and intervenor IWNA; and (4) the court's issuance of an injunction is not adverse to the public interest.

The court takes this opportunity to note that in meeting the rigorous standard ordinarily required for a preliminary injunction, plaintiff surpassed the standard generally applied to situations involving the imposition of a trusteeship. 29 U.S.C. § 464(c) imbues trusteeships with a presumption of validity. When the international shows that the trusteeship was established both in accordance with the provisions of the international's constitution and for a purpose permissible under 29 U.S.C. § 462, and that the trusteeship was authorized or ratified after a fair hearing as required by 29 U.S.C. § 464, the presumption of validity may be rebutted only by clear and convincing evidence that the imposition of the trusteeship was not in good faith. *Atlanta Fed. & City Serv. Empl. L.U. 554 v. Ser-*

vice Emp. I.U., 441 F.2d 1115, 1116 (5th Cir.1971); [1] *Bailey v. Dixon,* 451 F.2d 160, 161 (5th Cir.1971); *National Association of Letter Carriers v. Sombrotto,* 449 F.2d 915, 921 (2nd Cir.1971); *Graphic Arts Intern. U. v. Graphic Arts Intern. U.,* 529 F.Supp. 587, 593 (W.D.Mo.1982); *Hansen v. Guyette,* 636 F.Supp. 907, 911 (D.Minn. 1986). Application of the ordinary standard for the issuance of a preliminary injunction in the tusteeship situation places the burden on the international when 29 U.S.C. § 464(c) clearly provides that the burden should be on Local D461 to prove invalidity by clear and convincing evidence. *See Tile, Etc., Union v. Granite Cutters, Loc. 106,* 621 F.Supp. 1188, 1191 (E.D.N.Y. 1985). Realizing, however, that the issuance of a preliminary injunction is an extraordinary and drastic remedy, this court went beyond the less stringent standard first enunciated in *Sombrotto* and conducted a thorough examination. Plaintiff's satisfaction of the elements required for the issuance of a preliminary injunction strengthens its position in this motion to stay the injunction pending appeal.

To grant a stay pending appeal, the court must find: (1) a likelihood that the movant will prevail on the merits *of the appeal;* (2) irreparable injury to the movant unless the stay is granted; (3) an absence of substantial harm to the adverse party if the stay is granted; and (4) no harm to the public interest. *Garcia-Mir v. Meese,* 781 F.2d 1450, 1453 (11th Cir.1986) (emphasis added); *In re Grand Jury Proceedings,* 689 F.2d 1351 (11th Cir.1982). In considering movants' request to stay the preliminary injunction pending appeal of its issuance, the court notes that "[t]he grant of a preliminary injunction lies within the discretion of the district court, and its decision will be overturned only for abuse of discretion." *Compact Van Equipment Co. v. Leggett & Platt, Inc.,* 566 F.2d 952, 954 (5th Cir.1978); *See Shatel Corp. v. Mao Ta Lumber and Yacht Corp.,* 697 F.2d 1352 (11th Cir.1983) (grant or denial of preliminary injunction reversible on appeal

only for abuse of discretion or if contrary to some rule of equity). Since, to receive a stay, movants must show a likelihood of success on the merits of the appeal, they must establish that this court abused its discretion in issuing the preliminary injunction. *See Security & Exchange Commission v. G. Weeks Securities, Inc.,* 483 F.Supp. 1239, 1246 (W.D.Tenn.1980), *aff'd* 678 F.2d 649 (6th Cir.1982) (district court need not stay preliminary injunction in absence of demonstration that the court abused its discretion in granting the injunction); *Eastern Milk Producers v. Lehigh Valley Co-op,* 448 F.Supp. 471, 474 (E.D. Pa.1978) (no need to stay preliminary injunction pending appeal in view of movant's failure to show likelihood of success on appeal). This court does not believe it abused its discretion.

Both the Boilermakers' constitution and the applicable statutes permit the imposition of a trusteeship for "financial malpractice." In a similar case, the district court in Missouri said that financial malpractice "is inclusive of the effect of the actions taken by the officers and the members, even though taken in good faith." *Graphic Arts Intern. U. v. Graphic Arts Intern. U.,* 529 F.Supp. 587, 594 (W.D.Mo.1982). In that action, which involved the imposition of a trusteeship in association with the local's disaffiliation from the parent international, the financial malpractice involved was a disbursement of funds among members of the local as part of the disaffiliation campaign while continuing to collect but failing to remit per capita monies due to the international. *Id.* at 591. Upon disaffiliation, the local refused to surrender the records and assets of the local to the trustee. In issuing the preliminary injunction, the court ordered the local to provide the trustee with all books, records, papers and assets owned by the local. *Id.* at 594. *See Cascade Local Lodge No. 297 v. Intern. Ass'n, Etc.,* 684 F.2d 609 (9th Cir.1982) (circuit court affirmed preliminary injunction ordering local to turn over to international all of the local's property and

---

**1.** Decisions of the Fifth Circuit prior to September 30, 1981, are binding precedent in this circuit. *Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir.1981) (en banc).

records). This court's order of July 6, 1987, was of similar content.

■ Movants argue that the current situation represents a "labor dispute" as defined by 29 U.S.C. § 113(a) and (c). Movants then argue that the Norris-LaGuardia Act prohibits the issuance of injunctions in labor disputes. *See* 29 U.S.C. § 104(b) and (c). While movants may certainly produce evidence at trial regarding this and other contentions, this court questions whether the present situation qualifies as a labor dispute. However, even assuming that movants might so establish, the Norris-La-Guardia Act restricts federal jurisdiction to enter injunctive relief "only in certain specified instances, particularly with regard to the enjoining of strikes, the joining of labor unions and the lawful aid to persons engaged in such activities." *Drywall Tapers, etc. v. Operative Plasterers', Etc.*, 537 F.2d 669, 673 (2nd Cir.1976), *quoting Sombrotto*, 449 F.2d at 919. Section 104(b) is not applicable to the instant case. This court's order of July 6, 1987, neither interfered with Local D461's right to disaffiliate from plaintiff Boilermakers nor prevented its subsequent affiliation with IWNA. However, the order does require that Local D461 comply with the Boilermakers' constitution regarding the remittance of dues and the relinquishment of certain funds, assets and properties. Such requirements do not trigger section 104(c). The language of that section "refers primarily to strike or unemployment benefits or insurance." *Schuck v. Gilmore Steel Corp.*, 784 F.2d 947, 949 (9th Cir.1986).

Congressional concern is with the effect of the injunction on a labor dispute. An injunction should not be used "as a means of defeating the efforts of labor to organize and bargain collectively." *Id.* at 949–50. The Norris-LaGuardia Act does not preclude this court from issuing an injunction to require specific performance of an agreement between the international Boilermakers and its local, Local D461. *See Parks v. International Brotherhood of Electrical Workers*, 314 F.2d 886 (4th Cir. 1963), *cert. denied*, 372 U.S. 976, 83 S.Ct. 1111, 10 L.Ed.2d 142 (1963) (action by local

union to require by injunctive relief the restoration of local's charter). The constitution relied on by plaintiff Boilermakers is a contract between the international and its local unions and members, a contract which specifically provides for the imposition of a trusteeship in a situation such as the one presented here. *See Hansen*, 636 F.Supp. at 908. While the issuance of an injunction to enforce a contract in a labor dispute might in some circumstances disarm a union of a significant economic weapon and alter the bargaining stance of the parties involved, and thus be precluded by the Act, *see United Steelworkers of America, AFL–CIO v. Bishop*, 598 F.2d 408, 415 (5th Cir.1979), the present dispute does not present such a risk.

■ While the first factor is the most important in determining whether to grant a stay pending appeal, "the movant may also have his motion granted upon a lesser showing of a substantial case on the merits when the balance of equities [identified in factors 2, 3 and 4] weighs heavily in favor of granting the stay." *Garcia-Mir*, 781 F.2d at 1453 (citations omitted). The balance of the equities in this case does not weigh heavily in movants' favor. No irreparable harm to movant will result if the preliminary injunction is not stayed. The trustee is legally obligated to hold the property and assets in trust. 29 U.S.C. §§ 461–466 (1982). This court holds Local D461's funds in the registry of the court, as it will hold $42,000.00 soon to be remitted by IWNA. Those assets will not be squandered, so no harm will be suffered by movants. *See Hansen*, 636 F.Supp. at 911.

On the other hand, if the stay is granted, loss of records or dissipation of funds could result. The best manner of preserving the status quo is by enforcing "a statutory scheme which clearly evidences an expectation that disputes over trusteeships would be litigated with the trusteeship in effect." *Sombrotto*, 449 F.2d at 921. Such enforcement "by way of preliminary relief not merely does not violate general equitable principles but is the resolution most consistent with the legislative scheme here at stake." *Id.*

By enforcing the trusteeship by means of a preliminary injunction, this court permits the parties to seek a peaceful resolution of their dispute. Either by settlement or by litigation, such resolution is in the best interests of the public.

Therefore, movants' request for a stay pending appeal of the issuance of a preliminary injunction is hereby DENIED. This court further ORDERS that both defendant Local D461 and intervenor IWNA must, within five days of the date of this opinion, either comply with this court's order of July 6, 1987, or show cause why they should not be held in civil contempt for violation of same. Lastly, to clarify the previous order, this court notes that the real property and union hall of Local D461 is included within the trusteeship. However, the trustee is ordered not to interfere with the normal use for union activities of the property and union hall until this case reaches a final adjudication on the merits.