**Robert R. FRANK, Appellant,**

v.

**Laurie W. TOMLINSON, District Director of Internal Revenue, Appellee.**

No. 22211.

United States Court of Appeals
Fifth Circuit.

Oct. 8, 1965.

Philip T. Weinstein, Arthur Cunningham, Cunningham & Weinstein, Miami, Fla., for appellant.

Lloyd G. Bates, Jr., Asst. U. S. Atty., Miami, Fla., Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Atty., Dept. of Justice, Washington, D. C., William A. Meadows, Jr., U. S. Atty., Miami, Fla., Joseph M. Howard, John M. Brant, Attys, Dept. of Justice, Washington, D. C., for appellee.

Before TUTTLE, Chief Judge, THORNBERRY, Circuit Judge, and CARSWELL, District Judge.

PER CURIAM:

■■ This is an appeal by a taxpayer-lawyer from an order by the district court, entered at the instance of the District Director of Internal Revenue requiring appellant to produce "all books, records and documents sought * * * excluding, however, copies of any privileged communications from the Respondent's clients to the Respondent, or from the Respondent to his clients." The order further provided that:

> "No attorney-client privilege attaches to records showing the names of the Respondent's clients, nor the books, records and documents showing property of said clients in the hands of the Respondent."

We agree with the statement in Colton v. United States, 2 Cir., 306 F.2d 633, that "the identity of a client, or the fact that a given individual has become a client are matters which an attorney normally may not refuse to disclose, * * *." The order entered by the trial court here reserves to the court the opportunity to resolve any question that may arise by reason of the court's authorizing appellant to withhold copies of any privileged communications between the lawyer and his client. With this saving provision included in the order, we find that the trial court did not err in requiring the production of the books, records and documents as requested.

The judgment is affirmed.