**UNITED STATES of America and Charles E. Reed, Internal Revenue Officer, Collection Division, Internal Revenue Service, Petitioners,**

v.

**John J. DICKINSON, Respondent.**

**No. Civ. 6942 Phx.**

United States District Court,
D. Arizona.

Jan. 14, 1969.

Edward E. Davis, U. S. Atty., Richard C. Gormley, Asst. U. S. Atty., Phoenix, Ariz., for petitioners.

James A. Struckmeyer, Phoenix, Ariz., for respondent.

**OPINION AND ORDER**

COPPLE, District Judge.

The United States has filed herein a petition requesting this Court to enforce an Internal Revenue summons. The summons was issued pursuant to § 7602 of the Internal Revenue Code, and this proceeding was brought under § 7604 of the Internal Revenue Code.

The summons was issued by Charles E. Reed, Revenue Officer, for the pur-

pose of collecting the tax liability of the respondent and his wife for the years 1965, 1966 and 1967, and directed the respondent to produce "[a]ll books and records reflecting the accounts receivable of John J. Dickinson." The respondent, a practicing attorney and a member in good standing of the State Bar of Arizona, refused to comply with the summons on the basis that compliance would be in violation of the attorney-client privilege.

In response to an order of this Court to show cause why the summons should not be enforced, the respondent has taken the position that the production of his accounts receivable would disclose the identity of his clients and that this disclosure would be in violation of the attorney-client privilege. The respondent relies on Baird v. Koerner, 279 F.2d 623 (9th Cir. 1960), as support for this position.

*Baird* was a unique case in which the Internal Revenue Service sought the identity of an unknown taxpayer who had admittedly understated his tax liability in past years. In an action to compel the taxpayer's attorney to reveal the identity of his client, the court held that this was a communication protected by the attorney-client privilege that the attorney could not be compelled to disclose. However, in so holding, the court recognized that the identity of a client is not a universally protected communication and that "it must be assessed on a case to case basis, depending on the particular facts of each case." *Id.* at 631.

■ In the absence of some compelling reason to protect the identity of the client as in *Baird,* the identity of the client is not a communication protected by the privilege. Colton v. United States, 306 F.2d 633 (2nd Cir. 1962); Frank v. Tomlinson, 351 F.2d 384 (5th Cir. 1965).

Each side of this controversy has submitted an opinion of the State Bar of Arizona Committee on Rules of Professional Conduct in support of its position. State Bar Opinion No. 259, October 24, 1968, submitted by the respondent, presented a set of facts wherein the client, if his identity were revealed, may be subject to criminal prosecution as in *Baird.* Under those facts, the Committee held that the lawyer should not reveal the identity of the client. The opinion submitted by the Government is more analogous to the present case. In Opinion No. 164A, March 10, 1965, the Committee held that it was ethically proper for a law firm to furnish a bank, as a justification for a loan, a copy of a monthly accounts receivable summary, which sets forth the names of the clients and the amount of fees which are then due and owing by the respective clients.

■ The information the Internal Revenue Service seeks from the respondent is similar to that revealed in the latter opinion, and is not a confidential communication protected by the attorney-client privilege.

■ The respondent also asserts that he is being harassed by the Internal Revenue Service and that the enforcement of this summons would be an abuse of process. It is noted that the Government has not attempted to attach any property of the respondent or have him punished for failure to comply with the summons as provided by § 7604 of the Internal Revenue Code. The petitioner only seeks to examine the books of the respondent and this does not constitute harassment. Of course, if the petitioner attempts to use this order to unlawfully harass the respondent, he can return to this Court for relief. "It is the court's process which is invoked to enforce the administrative summons and a court may not permit its process to be abused." United States v. Powell, 379 U.S. 48, 58, 85 S.Ct. 248, 255, 13 L.Ed.2d 112 (1964).

This does not mean the Internal Revenue Service has license to examine all of respondent's files. The summons is somewhat ambiguous and subject to an overly broad interpretation. In order to protect confidential communications of the respondent's clients, other than their identity and the amounts owing,

It is ordered that the respondent shall, within five (5) days, comply with the summons of October 8, 1968, by providing the petitioner with a schedule of all his current accounts receivable, including the name and address of each client owing money to the respondent, and the status of each account from the time of the original billing to the date of the schedule. The schedule shall be certified as correct and complete by the respondent personally.

It is further ordered that the enforcement of this order shall be stayed for ten (10) days so that the respondent may have an opportunity to appeal this order.