RYDER, Judge.
Peter D. Ringsmuth, an attorney at law, has filed a petition for writ of certiorari seeking review of the trial court’s order that Ringsmuth must disclose the identity of a client. We have jurisdiction. Article V, Section 4(b), Florida Constitution; Fla.R. App.P. 9.030(b).
The parties have provided a stipulated record to this court. The record reveals that Fort Myers Police Detective Hilton Daniels investigated a burglary which occurred on October 20, 1983. As he conducted the scene investigation, Daniels found a business card of petitioner Rings-muth. On the back of the card appeared a handwritten notation: November 8, 1983, 1:30 p.m.
On November 2, 1983, Ringsmuth was served with a state attorney’s office investigative subpoena. Ringsmuth appeared at the office of the state attorney where he was asked to disclose the identity of the person who was to have an appointment with him at 1:30 p.m. on November 8, 1983. Ringsmuth refused to answer the question and immediately invoked the attorney/client privilege.
A hearing was convened before Judge James R. Thompson who, thereafter, found that: there existed an attorney/client relationship between Ringsmuth and the undisclosed client; the client must have consulted Ringsmuth about a matter which arose before the burglary, and the card and date thereon concerned that matter and not the burglary; “since there was logically no confidential communications relating to the burglary that involved the case incident to the November 8, 1983 date, the attorney/client privilege did not apply to the burglary incident.” The court concluded that because no attorney/client privilege surrounded the burglary incident, Rings-muth must disclose the identity of the client. The court ordered Ringsmuth to disclose the name of the client or seek appellate review.
The principal thrust of the petitioner’s argument is that the attorney/client privilege protects communications between an attorney and his client, section 90.502, Florida Statutes (1981), and there is no evidence that the client had not discussed the bur- ' glary with Ringsmuth after its commission and before Ringsmuth was served with the investigative subpoena. The conclusion is then drawn that while the identity of a client generally is not privileged, in this case disclosure would destroy the confidential relationship between Ringsmuth and the client regarding the preexisting situation as well as the burglary. Anderson v. State, 297 So.2d 871 (Fla. 2d DCA 1974), and Ex Parte Enzor, 270 Ala. 254, 117 So.2d 361 (1960), are cited in support of Ringsmuth’s position.
The state answers that the attorney/client privilege attaches to confidential *594 communications which are not intended to be disclosed to third persons who are. not furthering the rendition of legal services. Mobley v. State, 409 So.2d 1031 (Fla.1982). It is argued that requiring Ringsmuth to identify his client will not amount to a revelation of any confidence or privileged information. The state reiterates the general rule that a client’s identity is not privileged. Anderson, supra; see Frank v. Tomlinson, 351 F.2d 384 (5th Cir.1965), cert. denied, 382 U.S. 1028, 86 S.Ct. 648, 15 L.Ed.2d 540 (1966). The privilege presupposes the attorney/client relationship, but does not attach to its creation. See generally, Annot., 16 A.L.R.3d 1047 (1967); 81 Am.Jur.2d Witnesses § 213 (1976).
It is, indeed, an accurate general rule that the identity of a client is not privileged. Anderson, supra. In this case, that principle applies. There has been no allegation made by the petitioner that he and his client have actually discussed the alleged burglary, or that the petitioner rendered legal advice or services to the client in regard to the burglary. Thus, it cannot be said that to require petitioner Ringsmuth to reveal his client’s name would result in implicating the client in criminal activity for which legal advice was sought from Ringsmuth. See In Re Grand Jury Proceedings in the Matter of Fine, 641 F.2d 199 (5th Cir.1981). As nothing in the record gives any support for the petitioner’s argument, the circuit court properly ordered Ringsmuth to identify his client.
The petition for writ of certiorari is denied.
HOBSON, A.C.J., and CAMPBELL, J., concur.