BROWN, Judge.
WRIT GRANTED AND REMANDED. This application by the state has occurred during the course of a jury trial. In this prosecution for conspiracy to possess between 2,000 and 10,000 pounds of marijuana, the district attorney subpoenaed a defense attorney for an alleged co-conspirator who pled guilty and agreed to testify. The stated purpose of the testimony from the defense attorney is to disclose who paid his fee. The client, Jimmy Joe Chandler, pled guilty and agreed to testify. The prosecutor has represented that Chandler will waive his attorney-client privilege and state that he has no knowledge of who paid his legal fee, as the attorney, Joey Hendrix, simply showed up in jail claiming he had been hired as his legal counsel.
Hendrix moved the court to quash the subpoena because the district attorney did not obtain “prior judicial approval after an opportunity for an adversarial proceeding” as provided in Rule 3.8 of the Rules of Professional Conduct. The trial court quashed the subpoena and denied the prosecution’s request for a hearing. The prosecutor filed this writ application. We grant the application and overrule the trial court.
It is well established that “[t]he identity of a client is a matter not normally within the privilege, Frank v. Tomlinson, 351 F.2d 384 (5th Cir.1965), cert. denied, 382 U.S. 1028, 86 S.Ct. 648, 15 L.Ed.2d 540 (1966), nor are matters involving the receipts of fees from a client usually privileged.” United States v. Ponder, 475 F.2d 37, 39 (5th Cir.1973). See also In Re Grand Jury Proceedings, 517 F.2d 666 (5th Cir.1975). The client’s name and fee arrangements become privileged communications only if disclosure “would implicate that client in the very criminal activity for which legal advice was sought.” [United States v.] Hodge and Zweig, 548 F.2d [1347,] 1353 [(9th Cir.1977) ]. Accord, In Re Grand Jury Proceedings, 517 F.2d at 671-72.
In re Grand Jury Proceedings in Matter of Fine, 641 F.2d 199 (5th Cir.1981).
*822 A case on point is In re Grand Jury Proceedings in the Matter of Pavlick, 680 F.2d 1026 (5th Cir.1982). In Pavlick the attorney refused to disclose the identity of one who paid his fees and furnished bond for third persons. The 5th Circuit found no attorney-client privilege stating, “... it is well established that the privilege does not apply where legal representation was secured in furtherance of intended, or present continuing illegality [agreement to furnish legal expenses].”
Hendrix’s client is Chandler who has already pled guilty and who allegedly waives the attorney-client privilege. Of course, the issue of relevancy of this testimony is for the trial court.
Rule 3.8 does contemplate a prior contradictory hearing before an attorney is subpoenaed on matters of past or present legal representation. Failure to comply with the technical requirements of a rule of professional conduct does not necessarily carry the harsh remedy of exclusion of relevant evidence. The trial court is ordered to immediately proceed with the hearing requested by the district attorney.
SEXTON, J., dissents for reasons to follow.